ARLING M. MacFALL, PROSECUTOR, v. THE MAYOR, RE-CORDER, ALDERMEN AND COMMON COUNCILMEN OF. DOVER.

Argued November 6, 1903—Decided February 23, 1904.

So far as a writ of *certiorari* brought to review a municipal proceeding operates merely *in rem,* to affirm or overthrow the proceeding in question, the jurisdiction of the Supreme Court is complete

when the writ is addressed to the municipal authorities, being custodians of the record, and returned by them with the record annexed. But where it appears that the necessary consequence of a judgment such as the prosecutor seeks will be to injuriously affect the interests of third parties, or public interests not already represented in court, it is within the discretion of the court to defer judgment until those who are interested in sustaining the proceeding under review are made parties.

On *certiorari.*

Before Justices FORT and PITNEY.

For the prosecutor, *Willard W. Cutler.*

For the defendants, *Benjamin W. Ellicott* and *John B. Vreeland.*

The opinion of the court was delivered by

PITNEY, J. This writ of *certiorari* brings before us a resolution adopted by the common council of the town of Dover on May 11th, 1903, declaring the offices of town clerk, town treasurer, collector of taxes and assessor to be vacant by reason of expiration of their terms. The prosecutor, who prior to that date had been acting as collector, asserts that by force of one or both of two statutes (*Pamph. L.* 1896, *p.* 55; *Pamph. L.* 1900, *p.* 480) he was entitled to a tenure of office that had not expired at the date of the resolution. The depositions taken by leave of the court disclose the following situation:

On May 13th, 1901, and again on May 11th, 1902, the prosecutor was duly appointed by the common council to the office of collector. On each occasion he qualified by giving bond and taking the oath of office, and proceeded to perform the duties of the office during the ensuing year. As between him and the common council, no term was ever fixed or specified during which he should continue to hold the office. Section 7 of the charter of Dover (*Pamph. L.* 1869, *p.* 1161) provides that the collector and also the town clerk, treasurer, assessor and other subordinate officers shall hold their offices

during the pleasure of the common council.  By section 3 members of the council hold office for two years, one-half of the members being chosen by the people at each annual municipal election, which occurs on the first Monday of May. Each alternate year a mayor is elected, to hold office for two years.   The evidence shows that the custom has been for the council, shortly after each annual election, to choose their subordinate officers, presumably to hold office during the pleasure of the council.   It was pursuant to this custom that the prosecutor was appointed as collector in 1901 and in 1902.

On May 11th, 1903, shortly after the annual charter election, the council met, according to custom, swore in new members and a new mayor, and proceeded to organize by choosing a town clerk and other subordinate officers.   Pending this business the Tenure of Office acts, above referred to, were brought to the attention of council for the first time, so far as appears.  Some discussion ensued, as the result of which a resolution was offered and unanimously adopted, declaring the offices of clerk, treasurer, collector and assessor vacant, their terms having expired.   This is the resolution now under review.   Shortly after its adoption, and at the same meeting, one Francis H. Tippett was unanimously chosen as collector in the place of the prosecutor.   At a council meeting held one week later Tippett's official bond was approved and ordered placed on file.   Beyond this there is nothing in the case to show that Tippett has been inducted into office.   Neither is there anything to show that since Tippett's election the prosecutor has performed any official act as collector.

Tippett is not named as a party in the present proceeding and has had no opportunity to be heard.

So far as the prosecutor is concerned, the resolution declaring the offices vacant and the action of council in electing Tippett to fill the office claimed by the prosecutor, were parts of one and the same proceeding.   It is only because the resolution was followed by the election that the prosecutor is aggrieved.   The attack upon the resolution is but a step in the attack upon Tippett's title to the office.   For the trial of

controversies between rival claimants to office *quo warranto* and not *certiorari* is the proper remedy. If it appeared that Tippett had actually been inducted into office, it is well settled that for this reason alone the *certiorari* should be dismissed. *Clayton* v. *Freeholders of Hudson,* 31 *Vroom* 364; *Bilderback* v. *Freeholders of Salem,* 34 *Id.* 55; *Miller* v. *Washington,* 38 *Id.* 167.

Where the party whose title is assailed has not as yet gained possession of the office and the prosecutor in *certiorari* remains incumbent, the practice is not so clearly settled. *Bradshaw* v. *City Council of Camden,* 10 *Vroom* 416, was followed in *Fitzgerald* v. *New Brunswick,* 18 *Id.* 479, 488; *S. C. in error,* 19 *Id.* 457, but has been treated as overruled; *Haines* v. *Freeholders of Camden,* 18 *Id.* 454; *Simon* v. *Mayor, &c., of Hoboken,* 23 *Id.* 367; *Roberson* v. *Bayonne,* 29 *Id.* 325.

Without going so far at the present time as to declare that the resolution before us would not be reviewed on *certiorari* if Mr. Tippett were a party to the proceeding, and if it appeared that he had not been inducted into the office that the prosecutor claims, we think that, under the circumstances of the case, we ought not to proceed to judgment without Tippett being made a party, in order that he may be heard in this court and may have a *status* to review the decision, if adverse to him. Although, treating the *certiorari* as a proceeding *in rem,* operative merely to affirm or overthrow the resolution in question, the jurisdiction of this court is complete when the writ has been addressed to the municipal authorities, being custodians of the record, and returned by them with the record annexed; yet, where it appears that the necessary consequence of a judgment such as the prosecutor seeks will be to injuriously affect the interests of third parties, or public interests not already represented in court, it is within the discretion of the court to defer judgment until those who are interested in sustaining the resolution are brought before us. *Siedler* v. *Chosen Freeholders of Hudson,* 10 *Vroom* 632, 639; *State, Evans, pros.,* v. *Mayor, &c., of Jersey City,* 6 *Id.*

381, 383; *Fleischauer* v. *Township of West Hoboken,* 10 *Id.* 421; *State, Kiernan, pros.,* v. *Jersey City,* 11 *Id.* 483; *Kirk-patrick* v. *Commissioners,* 13 *Id.* 510; *Haines* v. *Freeholders of Camden,* 18 *Id.* 454; *Simon* v. *Hoboken,* 23 *Id.* 367; *Hutchinson* v. *Rowan,* 28 *Id.* 530, 532; *Bowlby* v. *Dover,* 35 *Id.* 184.

The present case is plainly a proper one for the adoption of the course indicated. If it shall appear (as the arguments of counsel indicate the fact to be) that Tippett is incumbent of the office, *certiorari* is not the proper remedy. If the prosecutor remains incumbent, the resolution under consideration appears to have done him no harm.

Judgment will therefore be deferred for thirty days in order to enable the prosecutor to join Tippett as a party. If he be joined the parties may have leave to take further depositions and bring the matter to hearing at a future time. If the prosecutor does not elect to bring Tippett in, the writ of *certiorari* will be dismissed, with costs.