ALEXANDER B. ALLEN, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUNTERDON.

JAMES E. BRODHEAD, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUNTERDON.

Submitted March 17, 1904—Decided June 13, 1904.

It appearing upon the return of writs of *certiorari* brought to review certain resolutions of a board of chosen freeholders that if the resolutions be valid third parties have acquired contractual rights under them, the court will defer judgment upon *certiorari* in order to permit the prosecutors to bring these third parties before the court.

On *certiorari*.

Before Justices HENDRICKSON and PITNEY.

For the prosecutors, *Richard S. Kuhl*.

For the defendant, *H. Burdett Herr*.

The opinion of the court was delivered by

PITNEY, J.   These two matters were presented together by consent of counsel.   The *certiorari* in the Allen case is brought to review two resolutions passed by the board of freeholders providing for the making of certain indexes of the deed records of that county by Andrew R. Dilts, then county clerk, for a fixed compensation, to be paid by the county to Dilts. If valid, these resolutions constitute a contract or contracts between the representatives of the county and Mr. Dilts. The *certiorari* in the Brodhead case brings under review two resolutions adopted by the board of freeholders authorizing Paul A. Queen, then surrogate of the county, to make a general index of the records, files and proceedings in his office, for a specified compensation.   If these resolutions are valid, Mr. Queen has likewise contractual rights.   The writs are directed to and were served upon the board of chosen freeholders only, neither Mr. Dilts nor Mr. Queen being made a party.   As their interests may be injuriously affected by a judgment setting aside the resolutions in question, it seems plain that the court ought, in its discretion, to defer judgment until these interested parties are brought before us, in order that they may be heard in this court and may have a *status* to review the decision if adverse to them.   *MacFall* v. *Mayor, &c., of Dover,* 41 *Vroom* 518, and cases cited.

Moreover, the case shows that the writs were served upon the former board of freeholders, and that this board was displaced on January 4th, 1904, upon a reorganization consequent upon the adoption in the county of Hunterdon of the act to reduce the number of members of the board.   *Pamph. L.* 1902, *p.* 65.   As this act seems merely to effect a change

in the personnel of the board, and not to establish a new corporation, the reasons that moved this court to order a dismissal of the writ in *Bowlby* v. *Dover,* 35 *Vroom* 184, do not apply. Yet it is fitting that the present representatives of the county be legally notified of the proceedings, in order that they may be represented in the further litigation.

Judgment will be deferred in order to enable the prosecutors to join Messrs. Dilts and Queen, respectively, as parties, and to give notice to the present board of freeholders of the pendency of the proceedings. All parties may have leave to take further depositions and bring on the causes for argument at the next term of the court.