NELSON G. LIVERMORE ET AL., PLAINTIFFS IN ERROR, v. MAYOR AND COMMON COUNCIL OF THE CITY OF MILLVILLE, DEFENDANT IN ERROR.

Argued March 24, 1905—Decided November 20, 1905.

When it appears on the return of a *certiorari,* prosecuted to set aside municipal action, that parties not brought before the court have acquired rights thereunder in case such action be held valid, the court should ordinarily not proceed to judgment on the merits, and may either stay the proceedings until those parties are brought in or dismiss the *certiorari.*

On error to the Supreme Court. For opinion of that court, see 42 *Vroom* 503.

For the plaintiffs in error, *Henry O. Newcomb, Walter H. Bacon, Joseph H. Gaskill* and *Robert H. McCarter.*

For the defendant in error, *Louis H. Miller.*

The opinion of the court was delivered by

DIXON, J. The *certiorari* issued out of the Supreme Court in this case brought up a resolution of the common council of Millville appointing commissioners to determine the price to be paid by the city for the purchase of the water plant, &c., of the People's Water Company of Millville, under a certain contract between the city and that company. On the return of the writ the prosecutors, who were residents and taxpayers in the city, filed reasons for reversal which question the validity and effect of the contract and the force due to the determination of the commissioners. The Supreme Court, after expressing its views on the legality of the reasons alleged, made an order dismissing the writ, of which the prosecutors now on error complain.

It is evident that the People's Water Company is directly and vitally interested in the matters which the prosecutors desire to put at issue, but they have not made that company a party to the proceedings. In its absence the Supreme Court was not bound either to affirm or reverse the resolution brought before it; it would have been justified in staying the proceedings until the company had been made a party (*McFall* v. *Dover,* 41 *Vroom* 518; *Allen* v. *Freeholders of Hunterdon,* 42 *Id.* 247), but certainly it acted within the bounds of its discretion when it dismissed the writ. *Bowlby* v. *Dover,* 35 *Id.* 184.

Without expressing any opinion whatever on the merits of the controversies presented by the reasons, we affirm such dismissal.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 11.

*For reversal*—Nonc.