*45 Vroom.* Magner v. Bayonne.

THE STATE, THOMAS MAGNER, RELATOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF BAYONNE.

Argued June 5, 1906—Decided November 12, 1906.

The facts in this case are similar to those in *MacFall* v. *Dover*, 41 *Vroom* 518, and, as in that case, this writ will be held until Yore, the newly-elected officer, is brought in.

On *certiorari*.

Thomas Magner was appointed chief of police of the city of Bayonne on December 16th, 1902; qualified as such officer, and continued to discharge the duties of his office until February 9th, 1906. On February 6th, 1906, the mayor of Bayonne sent a communication to the common council, stating that he was advised that the appointment of Magner was illegal, and proceeding to appoint as chief of police one John Yore. At a meeting of the common council, held on the same day, the appointment of Yore was confirmed by that body.

At a subsequent meeting of the common council, held February 9th, 1906, the former nomination of Yore by the mayor was again presented, and that body again concurred in the nomination and the appointment. At the same meeting it was resolved that "Thomas Magner be and is hereby dismissed from the service of the city, and that his salary cease from this date."

This *certiorari* brings up these proceedings, and seeks to set aside the resolution dismissing Magner.

Before Justices FORT, GARRETSON and REED.

For the relator, *James Benny.*

For the defendant, *Elmer W. Demarest.*

The opinion of the court was delivered by

REED, J.   The ground assigned for the vacation of the resolution dismissing Magner is that he was dismissed without notice and without a legal hearing.

The insistence is that the prosecutor was protected in the enjoyment of his office by an act (*Pamph. L.* 1899, *p.* 26) which provides in section 3 that "No person, whether officer or employe, in the police department of any city shall be removed from office or employment therein except for just cause, as provided by the first section of the act, and then only after written charge or charges stating the cause of complaint· shall have been preferred against such officer, and after such charge or charges have been publicly examined into by the appropriate municipal board, officer or authority upon such reasonable notice to the person charged," &c.

The prosecutor was neither charged nor tried in the manner provided by this act.

The defendant's first reply to this insistence is that *certiorari* is not the appropriate remedy, because the matter litigated involves a question of title between Magner, the prosecutor, and Yore, who was appointed to succeed him.

The limitation of the use of a writ of *certiorari* in this class of cases is a matter upon which judicial views have varied. The latest case dealing with conditions similar to those now presented is *MacFall* v. *Dover,* 41 *Vroom* 518.   In that case a writ of *certiorari* brought up a resolution of the common council of Dover declaring the offices of town clerk, treasurer and collector of taxes to be vacant by reason of the expiration of their terms.   The collector of taxes, claiming that his term of office had not expired, obtained a writ of *certiorari* bringing up the resolution of common council.   At the same meeting that this resolution was passed, the common council elected a new collector of taxes.

It was held in that case, upon the authority of cases cited in the opinion of Mr. Justice Pitney, that if it had appeared that the newly-elected collector had been inducted into office, the writ of *certiorari* should be dismissed.   It was held that it not appearing whether the new collector had been inducted

into office, and so it not appearing whether *quo warranto* would lie against him, the cause would be held to enable the prosecutor to bring in the newly-elected officer, whose interests would be affected by such a judgment as the prosecutor of the writ of *certiorari* sought.

The reasons for this course are given in the opinion just mentioned, and need not be here repeated. The facts in the present case, Yore not being a party, and it not appearing that he has been inducted into office, present the same situation, and the cause will take the same course.