JOHN ZELLER, PROSECUTOR, v. TOWN OF GUTTENBERG ET AL., DEFENDANTS.

Submitted March 23, 1911—Decided June 19, 1911.

In *certiorari* to review municipal action, where others than the municipality are to be made parties as being interested in the legality of such action, their names should appear not in the body of the writ, but only on its endorsement.

On rule to show cause why *certiorari* should not be allowed.

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *Robert S. Hudspeth.*

For the defendants, *J. Emil Walscheid.*

The opinion of the court was delivered by

PARKER, J. The application is for the allowance of a writ of *certiorari* to bring up the resolution of the town council of the town of Guttenberg, in the county of Hudson, providing that the sum of $300 be paid to each member of the town council and the mayor for services rendered.

The amended charter of the town of Guttenberg (*Pamph. L.* 1875, *pp.* 612, 613) provides that the councilmen "shall serve without fee or reward except when on official duty by order of the board, when they may receive such compensation as may, by resolution, be directed."

It appears by the testimony taken under the rule that the five councilmen presented bills to the town for services rendered, claiming $5 per meeting of the council for forty-one meetings, $205; and $95, for various services, consisting of inspecting improvements, checking assessment lists, auditing books, &c.

Conceding the legitimacy of these latter items, under the provision just quoted, it seems quite plain that the charter was intended to forbid the payment by the town of any compensation to the councilmen for attending meetings, and, to say the very least, their right to such compensation, in view of this language of the charter, is so doubtful as to justify, if not require, the allowance of a writ.

It is suggested that a writ would be futile at this time because the bills have been paid; but in *Fagan v.* Hoboken, June term, 1910, not reported, this suggestion was overruled, and we think properly, on the ground that if the payment was unwarranted, the municipality might well be held entitled to bring suit and recover back the money. In *Loudenslager* v. *Atlantic City*, 51 *Vroom* 658, the money had been expended, but the resolution directing such expenditure was set aside on *certiorari*.

Counsel may present a writ, to be directed to the town of Guttenberg as the custodian of the records to be brought up. *Davis* v. *Harrison*, 17 *Vroom* 79; *Young* v. *Crane*, 38 *Id.* 453. The individual councilmen, as interested in the result, should be also parties defendant. *MacFall* v. *Dover*, 41 *Id.* 518. But their names should appear only in the entitling part of the writ, *i. e.*, the endorsement. *Griscom* v. *Gilmore*, 3 *Gr.* 475; *State* v. *Justice*, 4 *Zab.* 413, 414; *Warford* v. *Smith*, 1 *Dutcher* 212; *State, Miller, prosecutor*, v. *Stout*, 4 *Vroom* 42; *State, Coar, prosecutor*, v. *Jersey City*, 6 *Id.* 404, 405.

Let the writ be framed accordingly.