[No. 11636.  Department Two.  November 7, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Grant Realty Company et al., Plaintiff,* v. THE SUPERIOR COURT FOR GRANT COUNTY, *R. S. Steiner, Judge, Respondent.*[1]

PROHIBITION—GROUNDS—JURISDICTION—EMINENT DOMAIN — TRIAL —PARTIES—SUBSTITUTION.  Where, after an order of condemnation against certain defendants, and "all unknown owners," and before the trial of the question of damages, the defendants served moved for a substitution of third parties, who had acquired defendants' rights and other rights not adjudicated in the first proceeding, the court had jurisdiction to determine whether it would set aside its former order of condemnation and try anew that question, or whether it would relegate the parties to an independent action and proceed with the trial of the question of damages; hence prohibition will not lie to control its action, as prohibition issues only when the court is acting without or in excess of jurisdiction and there is no adequate remedy at law.

CERTIORARI—WHEN LIES—INTERLOCUTORY ORDERS.  Certiorari does not lie to review an order refusing to permit a substitution of parties in a condemnation case (after an order of condemnation) and refusing to set aside the condemnation and try that question anew as to rights not adjudicated instead of relegating the new parties to an independent proceeding; since the order was interlocutory, and reviewable, if at all, only after final judgment in the case.

EMINENT DOMAIN—PROCEEDINGS—JUDGMENT—RES JUDICATA—DISMISSAL WITHOUT PREJUDICE.  After entry of an order of condemnation, an order refusing to allow a substitution of parties, who had acquired defendants' interests, with other rights not adjudicated in the first proceeding, but permitting such parties to appear and participate in the trial of the question of damages, is not *res judicata* as to their claims of a superior right, the effect of the order being a dismissal without prejudice.

Application filed in the supreme court October 21, 1913, for a writ of prohibition or a writ of certiorari to review an order of the superior court for Grant county, Steiner, J., en-

[1]Reported in 136 Pac. 144.

tered October 21, 1913, denying leave to file a complaint in intervention and refusing to abate the trial of condemnation proceedings.   Denied.

*Cannon, Ferris & Swan, Ralph B. Williamson,* and *P. W. Kimball,* for relators.

*Voorhees & Canfield,* for respondent.

FULLERTON, J.—This is an original application for a writ of prohibition, and in the alternative for a writ of review.

On October 7, 1910, Ham, Yearsley & Ryrie, a corporation, instituted eminent domain proceedings against the Northern Pacific Railway Company, a corporation, Arthur L. Pettigrew, F. S. Pettigrew, R. F. Pettigrew, and Bessie Pettigrew, his wife, "and all unknown owners and all persons unknown having or claiming an interest or estate in the lands affected by the action," to condemn certain lands at the outlet to Moses lake, in Grant county, averring in its petition that the land was to be used for the purpose of constructing a dam across the outlet of such lake, and "thereby raise the height of the water to said Moses lake and to convert the said Moses lake, which is now a large navigable body of water, into a storage reservoir" for water to be used in irrigating certain of its arid lands.

The defendants served with process in the proceedings were those individually named in the petition.   These appeared and put in issue the allegations of the petition, and a trial on the issues made resulted in a judgment in the superior court denying the right of the petitioners to condemn.   A review of the proceedings was taken to this court, where the judgment of the superior court was reversed, with directions to enter an order of condemnation for the land necessary to be taken for the dam site, and to proceed to ascertain the damages to be awarded to owners of the land for such taking in the manner provided by law.   *State ex rel. Ham, Yearsley & Ryrie v. Superior Court,* 70 Wash. 442, 126 Pac. 945.

On the going down of the remittitur from this court, the petitioners caused an order of condemnation to be entered, and caused the proceeding on the question of damages to be set for trial on October 21, 1913. Some days prior to the day fixed for the trial, the original defendants moved that they be dismissed from the proceeding, and that the relators in the proceeding now before us be substituted in their stead on the ground that such relators had, pending the first proceedings, become possessed of all of the rights of the original defendants therein, and with other rights, not adjudicated in the first proceeding, and were then the sole parties in interest. The court denied the motion to dismiss and for substitution, but permitted the relators to appear in the action for the purpose of participating in the trial of the question of damages.

The relators thereupon tendered an answer in the proceedings, supported by affidavits, in which it was alleged that the present relator F. H. Nagel had acquired, by mesne conveyances from the Northern Pacific Railway Company, and the other defendants, by mesne conveyances, all their right, title and interest to the land sought to be condemned, in trust, however, for other persons; that he, in his trust capacity, and the other present relators are possessed of the sole right to the use of the waters of Moses lake, which such right was acquired by purchase and appropriation prior in point of time to the purported appropriation of Ham, Yearsley & Ryrie, and which had been perfected and completed by actual storage of the waters, and by diversion and use of the same upon lands owned by them abutting upon and adjacent to such lake, and that their rights to use of such waters had not been adjudicated in the proceedings leading up to the order of condemnation. They further alleged abandonment of the project by Ham, Yearsley & Ryrie, after their purported appropriation, delay, such as to work a forfeiture of any rights that corporation may have acquired by its attempted appropriation, and further facts, all tending to show a want of

right in the corporation, Ham, Yearsley & Ryrie, to condemn the land described in the petition. They prayed that the order of the court setting the case for trial on the question of damages be abated; that the court set aside the order of condemnation theretofore entered, and that the question of the right to condemn be tried as against the claims and rights of the answering relators. The court denied the application to file the complaint, and ordered that the cause proceed to trial on the original order. The relators thereupon applied to this court for the writs before mentioned.

The questions presented by the record do not, in our judgment, require an extended discussion. The writ of prohibition, it must be remembered, arrests the proceedings of a court of record only when such court is acting without or in excess of its jurisdiction, and there is no plain, speedy and adequate remedy at law. Rem. & Bal. Code, §§ 1027, 1028 (P. C. 81 §§ 1781, 1783). It will not restrain the erroneous exercise of acknowledged jurisdiction. Here there was no question of the jurisdiction of the court to make the order it did make. Whether it would, in this proceeding, set aside its former order of condemnation and try anew that question, or whether it would relegate the parties to a separate and independent action to try the question and proceed with the trial of the question of damages actually before it, were matters wholly within its jurisdiction to determine, and prohibition will not lie to control its action, whether it acted erroneously or otherwise. *State ex rel. Foster v. Superior Court*, 30 Wash. 156, 70 Pac. 230, 73 Pac. 690; *State ex rel. Griffith v. Superior Court*, 71 Wash. 386, 128 Pac. 644.

Nor will the writ of review lie at the present stage of the proceedings. The order made was intermediate and interlocutory, and if it is subject to review at all, a question we do not now determine, it can only be reviewed after the final judgment in the cause is entered.

Some question was made at the argument as to the conclusiveness of the order of the court denying the relators the

right to try in this proceeding their claim of superior title to the waters of the lake—it being feared apparently that the order had the effect of *res judicata* as to these claims of superior right. But it is clear that the order cannot have such an effect. The merits of the claims have not been determined, and the effect of the order of the court was a dismissal without prejudice.

The application for the writ is denied.

CROW, C. J., PARKER, and MORRIS, JJ., concur.