[No. 11494.  *En Banc.*  October 5, 1914.]

WHEELER, OSGOOD COMPANY, *Respondent*, v. FIDELITY & DEPOSIT
COMPANY OF MARYLAND, *Appellant*, THOMAS STRAUSER
et al., *Defendants.*[2]

Appeal from a judgment of the superior court for Pierce county,
Card, J., entered July 2, 1913, upon findings in favor of the plaintiff,
in an action on contract, tried to the court. Reversed.

*Danson, Williams & Danson* (*Geo. D. Lantz,* of counsel), for ap-
pellant.

*B. S. Grosscup* and *W. C. Morrow,* for respondent.

ON REHEARING.

PER CURIAM.—In this case a petition for rehearing has been filed.
In this petition it is claimed that the court, in the opinion, 78 Wash.
328, 139 Pac. 53, did not fully recognize the rights of a materialman
under the statute.

It was not the intention of the court to in any manner deny to
the materialman any right guaranteed to him by the legislature.
This contention seems to be, to some extent at least, based on a
statement in the opinion "that the materialman did not have greater
rights than the principal contractor." The question there under
consideration was whether the contract made by the board of con-

[1]Reported in 143 Pac. 310.

[2]Reported in 143 Pac. 310.

trol with the principal contractor had authorized the architect to accept the building. When the statement complained of is read in connection with the question being discussed, it seems hardly misleading; but if it is not sufficiently plain, it may be stated that the meaning intended to be conveyed was that the materialman would not have greater rights as to the time or manner of acceptance than the principal contractor. In other words, the board of control in the contract having delegated to the architect the right to accept the building when the architect in pursuance of this authority accepted it, the materialman was required to file a claim against the bond not later than thirty days thereafter.

The rehearing will be denied.