[No. 14707. *En Banc.* May 8, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Sandford C. Rose, Plaintiff*, v. JOHN M. RALSTON, *Judge etc., Defendant.*[1]

PROHIBITION — WHEN LIES — TO COURTS — ERRONEOUS JUDGMENT. Prohibition does not lie to prevent the court from entering a judgment in an action to restrain an execution sale, according to findings made after trial, upon refusing to admit further proof, where the judgment would at most be merely erroneous, the court having jurisdiction of the parties and the subject-matter.

Application filed in the supreme court March 9, 1918, for a writ of prohibition to prevent the superior court for Clallam county, Ralston, J., from entering a judgment. Denied.

*T. F. Trumbull,* for relator.

*Nelson R. Anderson,* for respondent.

PARKER, J.—The relator seeks a writ of prohibition from this court to prevent the judge of the superior court for Clallam county from entering a final judgment in conformity with his findings of fact and conclusions of law made in a case pending in that court wherein S. J. Lutz and A. V. Watts are plaintiffs, and this relator, Sandford C. Rose and Harry C. Bishop, as sheriff of Clallam county, are defendants; and particularly preventing the judge of that court from rendering any judgment setting aside and decreeing void a certain execution sale of a printing plant, which execution sale was made by Bishop, as sheriff, at the instance of Rose, as judgment creditor.

At all times in question the Bee Publishing Company has been a corporation existing under the laws of the state of Washington, and the owner of the printing

[1]Reported in 173 Pac. 51.

plant in question, except as it may have been divested of title thereto by the proceedings here involved. On October 3, 1916, Rose commenced an action in the superior court for Clallam county seeking recovery of damages from the Bee Publishing Company on account of an alleged libelous article published by that company in its newspaper in that county, of and concerning him. The trial of that action upon its merits resulted in a judgment rendered on November 5, 1917, in favor of Rose and against the Bee Publishing Company in the sum of $1,000. On December 12, 1917, Rose caused execution to be issued thereon and placed in the hands of the sheriff of that county, in pursuance of which the sheriff levied upon the printing plant of the Bee Publishing Company and gave notice of sale thereof to take place on December 22, 1917. Prior thereto and while the action for damages was pending, the Bee Publishing Company conveyed its printing plant to A. V. Watts, which conveyance, it is claimed by Rose, was with knowledge on the part of Watts that the action for damages was then pending, and with intent on his part to hinder, delay and defraud Rose as a creditor of the Bee Publishing Company. At all times here in question S. J. Lutz has been the holder of a chattel mortgage upon the printing plant of the Bee Publishing company to secure a debt of $2,500. On December 21, 1917, Lutz and Watts commenced, in the superior court for Clallam county, an action against Rose and the sheriff, seeking to enjoin the execution sale which was noticed by the sheriff to occur on the following day, and upon an emergency showing then made by them to the commissioner of the superior court for Clallam county, without notice, the commissioner entered an order restraining Rose and the sheriff from proceeding with the sale, and directing them to appear before the superior court of that county

on January 25, 1918, and show cause why they should not be enjoined from so proceeding. No formal temporary injunction was issued upon the return day of the restraining order, but the parties then agreed to proceed to try the case upon the merits, which was done at later hearings.

After the conclusion of the trial of the case, as counsel for Rose viewed the situation, but before the making of any findings of fact or conclusions of law or the rendering of any final decision by the court, the sheriff, at the instance of Rose, proceeded to sell the printing plant under the execution, which sale was made to Rose. This was done evidently on the theory that, since the return day of the restraining order had passed, and since no formal temporary injunction further restraining the sale had been issued, it might be lawfully had. The making of this execution sale being called to the court's attention, and the court having made no final decision in the injunction case, counsel for Lutz and Watts asked leave to produce proof of the making of the execution sale to Rose, to the end that, in rendering its final judgment in the injunction case, the court might make such order with reference thereto as would protect their rights should the court finally decide the injunction case in their favor upon the merits. This was but the asking for the opening of the case to admit further proof before it was finally decided by the court, and was granted by the court over the objections of counsel for Rose. Thereafter, on February 26, 1918, the trial judge made formal findings and conclusions in the injunction case, deciding, among other things, in effect that the execution sale to Rose should be set aside and held for naught. These facts we gather largely from the findings and conclusions made by the trial court in the injunction case, which findings and conclusions are made a part of the record

before us. We think these facts are controlling of the rights of the parties in this proceeding, regardless of other facts appearing in the record before us. We do not, however, state these facts as being conclusive upon any of the parties upon a review of the judgment which the trial court may ultimately render in the injunction case upon these or other findings which it may make therein when such judgment is properly before us for review.

It seems to us that this is but an attempt to have us prohibit the trial court from rendering a decision which, at most, will only be erroneous. It has become the settled law of the state that prohibition will not lie from this court to review and correct mere errors committed, or threatened to be committed, by a superior court, and thus take the place of appeal or review. *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. Griffith v. Superior Court,* 71 Wash. 386, 128 Pac. 644; *State ex rel. Grant Realty Co. v. Superior Court,* 76 Wash. 376, 136 Pac. 144; *State ex rel. Calhoun v. Superior Court,* 86 Wash. 492, 150 Pac. 1168.

The contentions of relator's counsel here made to prevent the rendering of the threatened judgment are, in substance, (1) that the restraining order had expired when the execution sale was made, and therefore did not stand in the way of such sale, the trial court holding that the restraining order had become in effect a temporary injunction restraining the sale pending the action; and (2) that the trial court had no right to entertain the question of the setting aside of the execution sale, because of the close of the trial before the making of the sale. It seems clear to us that the question of whether the restraining order had become in effect a temporary injunction was a question the trial court had jurisdiction to decide at any time before

final judgment.   It seems equally clear to us that the question of whether the trial court would open the injunction case to enable Lutz and Watts to show that the execution sale had taken place, and to make such a showing to the end that, in rendering its final judgment, the court might make such order with reference to the sale as would protect their rights should the court finally decide the case in whole or in part in their favor, was a question the trial court had jurisdiction to decide at any time before final judgment.   The making of the sale had created a condition calling for something more than a mere prohibitory injunction to prevent its being made, and Rose, the purchaser at the sale, was a party to the injunction action.

We are of the opinion that the contentions here made in relator's behalf, so far as this record discloses, have to do only with possible errors which the trial court might commit in the rendering of its final judgment in the injunction case.

The writ is denied.

ELLIS, C. J., MOUNT, MAIN, CHADWICK, WEBSTER, HOLCOMB, and FULLERTON, JJ., concur.