[No. 16298.   Department One.   April 8, 1921.]

HAM, YEARSLEY & RYRIE, *Respondent*, v. NORTHERN
PACIFIC RAILWAY COMPANY et al., *Appellants*.[1]

EVIDENCE (211) — OPINION EVIDENCE — COMPETENCY OF EXPERTS — VALUE. The omission of an element of value in giving expert testimony in a condemnation proceeding is a matter going to the weight of the testimony and not a ground for striking it.

SAME (211)—OPINION EVIDENCE—VALUE. Expert testimony introducing improper elements of value is subject to motion to strike.

APPEAL (464)—HARMLESS ERROR—INSTRUCTIONS ALREADY GIVEN. The refusal of proper requested instructions was not error, where they were covered by instructions actually given.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered October 25, 1920, award-

[1]Reported in 197 Pac. 43.

ing damages in condemnation proceedings, after a trial to the court and a jury.    Affirmed.

*Ferris & Ferris* and *Williamson & Luhman,* for appellants.

*Voorhees & Canfield* and *Merritt, Lantry & Merritt,* for respondent.

MACKINTOSH, J.—This controversy is now before this court for the eighth time and its history can be found in *State ex rel. Ham, Yearsley & Ryrie v. Superior Court,* 70 Wash. 442, 126 Pac. 945; *State ex rel. Grant Realty Co. v. Superior Court,* 76 Wash. 376, 136 Pac. 144; *State ex rel. Ham, Yearsley & Ryrie v. Superior Court,* 81 Wash. 690, 143 Pac. 310; *Grant Realty Co. v. Ham, Yearsley & Ryrie,* 96 Wash. 616, 165 Pac. 495; *Ham, Yearsley & Ryrie v. Northern Pac. R. Co.,* 107 Wash. 378, 181 Pac. 898; *Ham, Yearsley & Ryrie v. Northern Pac. R. Co.,* 110 Wash. 467, 188 Pac. 527. It is an action for the condemnation of a dam site, and the question of damages was tried first in 1917 and resulted in a judgment in favor of the claimants for $85; and the opinion in 107 Wash. 378 was a reversal of this judgment.    In 1919, upon a retrial of the case, the claimants recovered a verdict in the sum of $180,000, and the judgment thereon was reversed in 110 Wash. 467.    This appeal is from a third verdict of a jury, which was returned in favor of the claimants in the sum of $3,300.

The law of this case has been established by the opinion in *Ham, Yearsley & Ryrie v. Northern Pac. R. Co.,* 107 Wash. 378, and *Ham, Yearsley & Ryrie v. Northern Pac. R. Co.,* 110 Wash. 467, where this court has, as clearly as possible within the limitations of language, laid down the measure of damages governing the peculiar situation presented.    There would be no benefit in attempting here to restate it.

· Upon this appeal, the claimants are urging that the trial court erred on this last trial in its interpretation of this court's decisions, and refused to exclude testimony contrary to the rule which we have announced as governing the case, and refused to receive testimony which fell within the rule, and erroneously instructed the jury and erroneously refused to give requested instructions. The record shows that the trial court followed, with exceeding and scrupulous care, the directions of this court, and amid the deluge of expert testimony upon this extremely intricate matter it steered a sure and certain course within the channels charted by our prior decisions.

The expert testimony which the court refused to strike was objected to for the reason that it omitted an element of value. This is not a reason for striking the testimony, as it only went to its weight and was a matter for the jury to consider when weighing it. The expert testimony which was stricken was properly struck for it introduced improper elements of value, and, moreover, the striking of such testimony was not prejudicial, for the reason that many other witnesses called by the claimants covered the same questions as those witnesses whose testimony was stricken.

Instructions given and excepted to properly stated the rules of law applicable, and the instructions refused, as far as they properly stated the rule, were covered by instructions actually given and, of course, those which improperly stated the rule should not have been given.

Upon the whole record, we are satisfied that the court and jury, upon this last trial, came as nearly as possible in a case of this kind to a correct conclusion. From the nature of the situation, it is impossible for the owners of property and parties seeking to condemn

it ever to agree as to what the property is really worth. We are satisfied the judgment should be affirmed.

PARKER, C. J., HOLCOMB, FULLERTON, and BRIDGES, JJ., concur.