[No. 19849. *En Banc.* April 2, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Sumner-Tacoma Stage Company, Plaintiff*, v. SUPERIOR COURT FOR THURSTON COUNTY, *Respondent.*[1]

[1] COURTS (3)—PROHIBITION (2, 20)—JURISDICTION—GROUND FOR RELIEF—WANT OR EXCESS OF JURISDICTION—REMEDY BY APPEAL. Prohibition does not lie to prevent the superior court from proceeding to hear a petition for a rehearing of a writ of review on which the court had set aside a judgment in favor of the petitioner, consolidated for trial with proceedings to review the last judgment, where it is alleged that the petitioner, although a necessary party to the review proceedings, was not made a party or given any notice thereof, or opportunity to defend the same; thereby presenting by the petition a question of fact, as well as of law, as to the jurisdiction of the court in the review proceedings; especially in view of Rem. Comp. Stat., § 10430, giving a right to review, by appeal, any errors in the consolidated proceedings.

Application filed in the supreme court February 23, 1926, for a writ of prohibition to prevent the superior court for Thurston county, Wright, J., from entertaining jurisdiction of a cause. Denied.

*W. R. Crawford*, for relator.

*The Attorney General, H. C. Brodie, Assistant, B. F. Jacobs*, and *Cleland & Clifford*, for respondent.

PARKER, J.—This is an original prohibition proceeding in this court, wherein the relator stage company seeks a judgment and writ prohibiting the respondent superior court from entertaining jurisdiction looking to its re-hearing of a review proceeding in that court, wherein it rendered a judgment reversing an order and decision of the state department of public works with reference to the granting of public service privileges,

[1]Reported in 244 Pac. 734.

by way of amendment to certificates of public necessity and convenience. Our problem is as to whether the record here made so conclusively shows want of jurisdiction in the superior court that it should be by this court prohibited from proceeding, or the relator left to his remedy by appeal from such final disposition of the contemplated re-hearing as the superior court may make.

The relator stage company had, for some time prior to October, 1925, been the grantee of a certificate of public convenience and necessity, authorizing it to render auto transportation service over certain highways in Pierce and King counties. John and Jacob Shield had, for sometime prior to October, 1925, been also the grantees of a certificate of convenience and necessity, authorizing them to render transportation service over certain highways in Pierce and King counties. These holders of such certificates, both being desirous of extending their service, made application accordingly to the state department of public works. These applications conflicted, in that they, in a measure, were for extended privileges over the same highway. Hearing was had before the department on these applications at the same time, resulting in its order being made on October 13, 1925, awarding to the Shields, by way of amendment to their certificate of convenience and necessity, the privilege of extending their service substantially as prayed for by them, and denying the application of the relator, stage company. In due time the relator stage company under § 10428, Rem. Comp. Stat., caused the proceeding to be removed to the superior court for Thurston county, seeking review and reversal of the decision of the department.

Thereafter, on January 12, 1926, following a hearing in the review proceeding, the court rendered its judg-

ment reversing the order of the department, directing the department to deny the application of the Shields for extension of their service, and to grant the application of relator stage company for the extension of its service, substantially as prayed for by it. The department did not appeal from the judgment of the superior court, but immediately thereafter complied therewith by entering a formal order denying the application of the Shields and granting the application of the relator, stage company. It does not affirmatively appear here that the Shields had notice of, were parties to, or in any manner took any part in that review proceeding in the superior court. Of course, they had no occasion to seek review and reversal of the order of the department, since the order was in their favor. It is, however, here affirmatively alleged in their behalf that they had no notice of, and were not parties to, that review proceeding.

Here then, there is ground for arguing a question of fact as well as of law, that the Shields were not bound by the judgment of the superior court rendered in that review proceeding. In due time, the Shields, proceeding under § 10428, Rem. Comp. Stat., filed their petition in the superior court for Thurston county for a review and reversal of the order of the department rendered against them in pursuance of the judgment of the superior court; manifestly proceeding upon the theory that that order of the department was the first and only order or decision rendered against them by the department as to which they had any occasion to seek review and reversal in the superior court, and that the judgment of the superior court rendered prior thereto was of no binding effect upon them.

A writ of review was accordingly issued by the superior court, looking to a review of that order rendered by the department against the Shields. On Feb-

ruary 11, 1926, the Shields, being joined by the department, filed in the superior court in the first review proceeding a petition asking a re-hearing of that proceeding; the petition being rested upon alleged facts therein, among others, that the Shields were indispensable parties to that proceeding and had not in any manner been made parties thereto or notified thereof, and at no time had opportunity to be heard therein. On the same day, the department filed its petition in the superior court in the first review proceeding, and also in the second review proceeding, asking that those review proceedings be consolidated; manifestly meaning, consolidation for the purpose of hearing all matters proper to be heard incident to the petition for re-hearing of the first review proceeding, as well as the hearing of the second review proceeding upon the merits. The superior court entered an order accordingly, consolidating the two proceedings, and has proceeded no further.

[1] The contentions here made in behalf of the relator stage company proceed upon the theory that the superior court is wholly without jurisdiction to re-hear or re-consider in any respect the first review proceeding, wherein it rendered, in form, a final judgment in favor of the stage company and against the Shields; because, upon rendering such final judgment, the superior court's jurisdiction in that proceeding ceased. Ordinarily, this would be true, as decided by us in *State ex rel. Rose v. Ralston,* 102 Wash. 268, 173 Pac. 51, and other decisions therein noticed. But we have here the challenge to the court's jurisdiction over the Shields in the first review proceeding, presented so as to become a question of fact as well as a question of law. Therefore, it seems to us, the superior court should not be prevented by prohibition from re-hear-

ing that review proceeding, together with this second review proceeding prosecuted by the Shields. This second review proceeding prosecuted by the Shields, together with their and the department's petition for re-hearing of the first review proceeding, is not only an effort on the part of the Shields to have the order and decision rendered against them by the department reviewed in the superior court, but also to have removed the apparent obstacle of the seeming *res judicata* effect of the first review proceeding and the judgment attempted to be rendered therein against them.

In view of the fact of the challenge of want of jurisdiction of the superior court over the Shields in the first review proceeding prosecuted by the relator stage company, in view of our inability, from the record before us, to determine conclusively whether or not the superior court did have jurisdiction over the Shields in that proceeding, and in view of the fact that the superior court rendered therein a final judgment, in form, against the Shields, we cannot now say that the superior court is evidencing any intent to act without or in excess of its jurisdiction in the premises.

It hardly needs argument to demonstrate that whatever erroneous ruling or decision may be made by the superior court in the consolidated review proceedings may be corrected and the rights of all parties fully protected upon appeal to this court. Rem. Comp. Stat., § 10430.

The prayer of the relator, stage company, for a writ of prohibition is denied.

TOLMAN, C. J., FULLERTON, MAIN, MITCHELL, HOLCOMB, and MACKINTOSH, JJ., concur.