[No. 20316.   Department Two.   March 10, 1927.]

SUMNER-TACOMA STAGE COMPANY, *Appellant*, v. THE
DEPARTMENT OF PUBLIC WORKS *et al.*,
*Respondents.*[1]

[1] CERTIORARI (19)—PARTIES. Upon certiorari to review an order
of the department of public works, granting a certificate of
public convenience and necessity to one of two contesting ap-
plicants for a stage route, the successful applicant is a neces-
sary party to the proceeding in order to authorize the entry
of any order affecting its rights under the certificate, notwith-
standing the statute does not expressly so provide.

[2] SAME (31, 32)—DETERMINATION AND DISPOSITION OF CAUSE—
JUDGMENT. Where, upon certiorari proceedings to review an
order of the department of public works granting a certificate
of public convenience and necessity to one of two contesting
applicants for a stage route, the finding was reversed without
having made the successful applicant a party to the proceeding,
and thereupon such party asked that the cause be reopened,
and also sued out a writ to review the last order of the depart-
ment entered pursuant to the judgment of the court, the court,
on such review, having all the parties before it, has the right,
on determining the merits, to enter a judgment re-instating the
first order.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered August 16, 1926,
upon affirming an order of the department of public
works, denying plaintiff's application for a certificate
of public convenience and necessity.   Affirmed.

*W. R. Crawford,* for appellant.

*B. F. Jacobs,* for respondents.

*The Attorney General* and *H. C. Brodie, Assistant,*
amici curiae.

BRIDGES, J.—The facts are:   The Sumner-Tacoma
Stage Company and Shields Transportation Company
made application to the department of public works

[1]Reported in 254 Pac. 245.

for a certificate of public convenience and necessity under the auto transportation act. The department made an order granting the application of the Shields Transportation Company and denying that of the stage company. The latter sued out a writ of review in the superior court for Thurston county, in cause No. 10509. Ultimately the department transmitted to the superior court all of its proceedings with reference to the matter. The Shields Transportation Company was not made a party to the review proceedings, had no notice thereof, and did not in any way appear in or have any information concerning such review. After having heard the matter, the court reversed the department and entered a judgment directing it to grant the application of the stage company and deny that of the transportation company. Upon this judgment going down to the department, it at once complied therewith and entered an order granting the application of the Sumner-Tacoma Stage Company and denying that of the Shields Transportation Company.

It then gave notice to both of the companies of its action. This was the first information the transportation company had that there had been a review of the previous order made by the department. It at once sued out a writ in the Thurston county superior court to review the last order made by the department, that is, the one directed to be made by the superior court, and ultimately the department made a return of its proceedings. This last proceeding was cause No. 10634. At the same time, the Shields Transportation Company undertook to appear in cause No. 10509, being the first review proceedings, and filed therein a petition which showed that it was not a party to, and did not have any notice of, the review proceedings, and asked the court to open that case and rehear it. Subsequently the court

consolidated, for hearing, the petition for rehearing and the second review proceedings. After the hearing of the consolidated matter, the court, in effect, made a judgment re-establishing the first order made by the department, that is, the one which granted the rights to the Shields Transportation Company. The Sumner-Tacoma Stage Company has appealed from that judgment.

[1]   The first question that arises is whether the Shields Transportation Company was a necessary party to the first review proceeding and, if not, what effect the judgment of the court in that proceeding had upon it, inasmuch as it was not made a party, did not have any notice and did not participate in the hearing. The *Attorney General* has filed an interesting brief on this question.

Our statutes are practically silent as to who should be parties in a review proceeding of this character. Rem. Comp. Stat., § 10428 [P. C. § 5613], provides that any claimant or any public service company affected by any order of the commission (department of public works) may within thirty days apply to the superior court for the purpose of having it reviewed; upon the service of the writ issued by the court, the department shall transmit the record to the court, who shall then be authorized to hear the matter and make such order as he sees fit. Although the statute does not expressly provide who shall be parties to the review matter, or that the application for the writ or the writ itself shall be served upon any persons in particular, inasmuch as only the department of public works is the keeper of the record and it only could certify that record to the court, it is manifest that it is a necessary party. But was the Shields Transportation Company also a necessary party, and was it entitled to notice of the review

proceedings before its rights could be affected? We are of the opinion it was. It was the successful party before the department. Its application had been granted. It had thus acquired valuable rights which could not be taken from it without its having its day in court. This it has not had. The judgment may have been binding on the department, but that would not accomplish anything.

It cannot be justly said that the transportation company was represented by the department of public works. That department had acted as a court and had granted certain rights. Thereafter and in the review proceedings, it was interested only in assisting the court to make such judgment in the premises as would be just and right. It represented only the public interest.

We are informed by the *Attorney General* that in about half of these review proceedings, the successful applicant is made a party thereto, or, at any rate, given ample notice of such proceedings and an opportunity to appear therein, and that in the other proceedings the successful applicant is not made a party and no notice is given to it. Under the latter circumstances, it has been customary for the *Attorney General's* office to notify the attorneys for the successful applicant and ask them to defend the review proceeding on the latter's behalf. But in the particular instance, through a mistake, the Shields Transportation Company did not receive any such notice.

The authorities on this question are neither as numerous nor as satisfactory as one would expect. The text books, for the most part, lay down the rule that in review or certiorari proceedings all persons in interest should be made parties, or, at any rate, given such notice as that they have an opportunity to appear. In 11 C. J. 142, it is said:

"All persons interested and whose rights are directly affected, or who were proper parties to the record sought to be annulled, must be made defendants; . . ."

To the same effect is Ferris on Extraordinary Legal Remedies, p. 201.

A reading of the cases shows that the *Attorney General* is right when in his brief he says they may be divided into three groups; first, those holding that all persons in interest must be made parties; second, those which hold to the contrary; and third, those in which the court has required such parties to be brought in, in order that a complete determination of the issues might be made, but without holding that they are necessary parties. Nearly all of the courts discussing this question hold that a judgment made in a review proceeding is not binding on interested persons who are not parties thereto or who have not received any notice thereof and who have not voluntarily appeared.

In *Livermore v. City of Millville*, 72 N. J. L. 221, 62 Atl. 408, the court said:

"It is evident that the People's Water Company is directly and vitally interested in the matters which the prosecutors desire to put at issue, but they have not made that company a party to the proceedings. In its absence, the Supreme Court was not bound either to affirm or reverse the resolution brought before it; . . ."

and for that reason was justified in dismissing the proceeding. To the same effect is *Cooper v. Town of Belleville*, 118 Atl. (N. J.) 332. In *State ex rel. Thompson v. Board of Commissioners*, 23 Nev. 247, 45 Pac. 529, it appeared that the commissioners had employed certain attorneys to represent the county in certain litigation, and the matter went up on a review record questioning the power of the commissioners to so act.

The court held that the attorneys were necessary parties and that no judgment of value could be rendered without them, and because the attorneys were not made parties, the proceeding was dismissed. There was a similar holding in *Black v. Town of Brinkley*, 54 Ark. 372, 15 S. W. 1030. In *MacFall v. Town of Dover*, 70 N. J. L. 518, 57 Atl. 136, the court ordered a party in interest to be brought in, refusing to hear the matter until such was done. And the same proceeding was taken in *Allen v. Board of Freeholders*, 71 N. J. L. 247, 58 Atl. 346; *Zeller v. Town of Guttenberg*, 81 N. J. L. 305, 83 Atl. 466; and *Towner v. Mansfield Township Board of Education*, 128 (N. J. Law) Atl. 602.

On the contrary, however, in the case of *Tod v. Crisman*, 123 Iowa 693, 99 N. W. 686, the court, in a review proceeding, appears to have held that the only necessary or proper party to the proceeding was the board of supervisors of a drainage district, and the person to whom the contract had been let was not a necessary party. The court there held that "the entire proceeding is leveled at the tribunal, board, or officer alleged to have exceeded the jurisdiction or authority conferred by law, and ordinarily these are to be deemed proper parties defendant of record." The court seems to have intimated that, in order that complete justice be done, it was proper to give the contractor an opportunity to be heard. The following cases make similar holdings: *Davis v. Preston*, 129 Iowa 670, 106 N. W. 151; *Sinnott v. District Court*, 201 Iowa 292, 207 N. W. 129; *North Carolina Corp. Commission v. Southern Ry. Co.*, 151 N. C. 447, 66 S. E. 427.

In *State v. Township of West Hoboken*, 39 N. J. L. 421, the court held that where a writ of certiorari is prosecuted in aid of an ejectment suit, the present

owner should be made a party. And in *State ex rel. Cowen v. Wildwood,* 60 N. J. L. 365, 38 Atl. 22, the court held that a municipal contract will not be set aside on certiorari unless the contracting parties are brought into court. In *Connell v. Chandler,* 11 Tex. 249, the court, in a review case, said:

"The rule is, that all the parties in interest, whose rights are to be directly affected by the decree, must be made parties, in order that the court may be enabled to render a decree which shall do ample and complete justice to all, and which shall bind all."

Whether the superior court had jurisdiction to proceed in the first review proceedings without the Shields Transportation Company being made a party and without any notice being given to it, we need not here decide. But we do decide that the judgment made by the court in that proceeding was in no sense binding upon the Shields Transportation Company and could not take away the rights that had been given to it. Unquestionably the better practice would be, in all cases such as this, to make all persons in interest parties to the review proceedings; or, in any event, if they are not made parties, they should be given notice of the proceeding and an opportunity to appear and be heard; otherwise, their rights are unaffected.

[2] The effect of the order from which this appeal is taken is to keep in force the original order made by the department, which order granted the sought-for rights to the Shields Transportation Company, but denied them to the Sumner-Tacoma Stage Company. Since the court had the parties before it, we think it had a right to make such a judgment. See *State ex rel. Sumner-Tacoma Stage Co. v. Superior Court,* 138 Wash. 376, 244 Pac. 734.

But the merits of the case remain to be determined. To here set out the various claims of the parties or

even the substance of the testimony, would be to extend this opinion unduly. The department of public works was of the view that the certificate should issue to the Shields Transportation Company and not to its adversary. Such was ultimately, also, the view of the trial court. A reading of the testimony does not convince us to the contrary.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, PARKER, and ASKREN, JJ., concur.