JOSEPH MORGAN, PROSECUTOR, v. MAYOR AND COUNCIL OF THE BOROUGH OF ROSELLE PARK, BOROUGH OF ROSELLE PARK, AND CHARLES E. RENTON, BOROUGH CLERK, DEFENDANTS.

Submitted May 5, 1942—Decided November 10, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Nicholas A. Tomasulo* (*Maurice A. Scotch,* of counsel).

For the defendants, *Joseph A. Lellieri* (*Martin P. O'Connor,* of counsel).

The opinion of the court was delivered by

HEHER, J. Prosecutor challenges the validity of a local ordinance enacted on December 29th, 1936, fixing the annual salary of the mayor at $500, and a resolution adopted by the

governing body on March 14th, 1941, providing that the then mayor be paid the salary thus prescribed "from May, 1939, on through March, 1941, and hereafter according to resolution adopted by council." Salary payments were made to the mayor in accordance with the resolution.

The ground assigned is that under *R. S.* 1937, 40:87-60 and 40:46-23, *et seq.,* such action could be legally had only through a referendum. Defendants deny the pertinency of these provisions. They maintain that the authority conferred by chapter 213 of the laws of 1910 (*Pamph. L., p.* 335) was saved to the governing body by section 2 of the Home Rule Act of 1917 (*Pamph. L., pp.* 319, *et seq.;* now *R. S.* 1937, 40:42-2; 40:42-3), and that the ordinance itself was preserved by *R. S.* 1937, 40:49-3. Whether, at the time of the adoption of the ordinance, the municipality had a population exceeding 5,000 is also a mooted question.

We are of the view that we should not proceed to judgment until the mayor, the recipient of the allegedly unlawful payments of salary, has been made a party to the proceedings. He has an interest in the subject-matter of the litigation which may be adversely affected by the result. If made without warrant in law, the payments are recoverable. *Siedler* v. *Chosen Freeholders of Hudson,* 39 *N. J. L.* 632; *Haines* v. *Freeholders of Camden,* 47 *Id.* 454; *Bowlby* v. *Dover,* 64 *Id.* 184; *MacFall* v. *Dover,* 70 *Id.* 518; *Zeller* v. *Guttenberg,* 81 *Id.* 305; *Cooper* v. *Belleville,* 118 *Atl. Rep.* 332.

Defendants urge that, since the ordinance in question was repealed in January, 1942, the question of its validity is now moot, and should be so treated. It is said that, if prosecutor's contention be well-founded, the ordinance was void *ab initio* and is therefore subject to collateral attack, and so its vacation is not a *sine qua non* to action for the recovery of the moneys illegally disbursed. The case of *Camden* v. *Mulford,* 26 *N. J. L.* 49, is cited.

But in the case at hand the validity of the enactment may possibly turn on a question of fact, *i. e.,* the population of the municipality at the time when the challenged action was taken, and therefore we are unable now to say that the point is academic.

Unless prosecutor shall, within one month, move for the joinder of the mayor as a party defendant, the writ will be dismissed, with costs.