30 N.J. Super. 338 (1954)
104 A.2d 703
SECOND REFORMED CHURCH, WEST MAIN STREET, FREEHOLD, NEW JERSEY, ET AL., PLAINTIFFS-RESPONDENTS,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF FREEHOLD, ET ANO., DEFENDANTS, AND ALLEN BROTHERS, INC., A BODY CORPORATE OF THE STATE OF NEW JERSEY, AND RICHARD B. CLARK, INTERVENERS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1954.
Decided April 27, 1954.
*339 Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. Robert V. Carton argued the cause for plaintiffs-respondents (Messrs. Durand, Ivins & Carton, attorneys).
Mr. William R. Blair, Jr., argued the cause for interveners-appellants (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
The opinion of the court was delivered by CLAPP, J.A.D.
This action in lieu of prerogative writ was brought to review a decision of a board of adjustment *340 granting a zoning variance as to certain property. The court below reversed the board; and the owner of the property and the holder of an option on it, appeal.
Appellants' first point has to do with the rule, now R.R. 4:88-15(b)(3), by which actions, such as these, have to be brought within a stated period. Theresa Grotta Home v. Bd. of Adj., North Caldwell, 19 N.J. Super. 331 (App. Div. 1952). This action was indeed brought against the board within that period, but the appellants (who intervened in the cause on their own application) were not made parties to the action until thereafter. The point made by appellants is that since they are indispensable parties, their motion below to dismiss the action as out of time should have been granted. R.R. 4:12-2. The short answer to this is that they are not indispensable parties. As to the significance of the term, see Moore's Federal Practice (2d ed.). §§ 19.05 [2], 19.07, 19.19; Note, Indispensable Parties in the Federal Courts, 65 Harv. L. Rev. 1050 (1952); Schnitzer & Wildstein, N.J. Rules Service, A IV-258, commenting on R.R. 4:12-2; 39 Am. Jur. 853; cf. R.R. 4:32-1.
The former practice on a writ of certiorari is instructive as to the point, though not dispositive. Ward v. Keenan, 3 N.J. 298, 309 (1949). Under that practice it was a settled matter that where the proceeding had as its object solely the nullification of a determination of an inferior agency (we do not deal with a proceeding which has other objectives also), the only indispensable party defendant was the agency which had the custody of the record. It was held to be discretionary with the court whether or not to join as parties those interested in sustaining the determination. Siedler v. Board of Chosen Freeholders of Hudson, 39 N.J.L. 632 (Sup. Ct. 1877); MacFall v. Dover, 70 N.J.L. 518 (Sup. Ct. 1904); Specht v. Central Passenger Ry. Co., 68 A. 785 (Sup. Ct. 1908), affirmed 76 N.J.L. 631 (E. & A. 1909); 14 C.J.S., Certiorari, § 60, p. 205.
What appellants propose here is that such a proceeding as this, which was looked upon under the former practice as in rem in character, be converted into a proceeding inter partes. *341 The briefs have not dealt with the merits of the proposal or with the questions that suggest themselves. For example, is the action out of time when there are many or even a few interested in sustaining the agency's determination and only part of them are joined? We do not stop to look at such matters. If such a substantial alteration of established practice is deemed desirable, it should be brought about by a general rule of court and not by orders requiring the dismissal of all existing actions in which the plaintiffs had not divined the impendency of the change.
However, it should be pointed out that where there are persons obviously concerned in the cause, such as those who instigated the agency proceeding, then  even though they are, as we hold, proper and not indispensable parties  they should be made parties; and it is incumbent upon the plaintiff to join them as defendants. Or the defendant may, or the court on its own initiative should, see to their joinder under R.R. 4:34; this indeed is very like the practice that has existed for years. MacFall v. Dover, 70 N.J.L. 518 (Sup. Ct. 1904), supra; cf. Livermore v. City of Millville, 72 N.J.L. 221 (E. & A. 1905); Morgan v. Mayor and Council, Roselle Park, 129 N.J.L. 231 (Sup. Ct. 1942); Hodge v. Wells, 15 N.J.L.J. 172 (Sup. Ct. 1892). Or such persons may themselves intervene in the cause. R.R. 4:37-3.
Appellants' second point is that the trial judge's decision was founded upon his personal knowledge. It is error to rest a decision on matters not appearing in the record. Giordano v. City Comm. of City of Newark, 2 N.J. 585 (1949). However, all that is adduced to make out the point are some remarks of the judge that he was familiar with the location and had been around it at least a dozen times since the suit was started. Of course he may view the premises. Bancroft Realty Co. v. Alencewicz, 7 N.J. Super. 105 (App. Div. 1950).
But even if there was a sufficient indication that his decision was based on matters not of record, still we should be obliged to affirm, for the record itself amply sustains his *342 conclusions. That takes us to appellants' final point, that the board had not exceeded or abused the discretion vested in it by N.J.S.A. 40:55-39 (c), and that therefore its decision should be reinstated. The proviso inserted in the statute by L. 1953, c. 288, became effective after this action was started.
The property, with which we are concerned, is located in a residential zone on the edge of a business zone, and on it is erected a 21-room house. The variance permitted the construction of a commercial building on conditions that need not be examined (Soho Park & Land Co. v. Bd. of Adj., Town of Belleville, 6 N.J. Misc. 683 (Sup. Ct. 1928); 62 C.J.S., Municipal Corporations, § 227(13), p. 545). The question with which we deal is whether the board exceeded its very narrow authority. In its decision it repeated faithfully the words of the statute by which it was governed, but there is nothing whatever to show that the situation or condition of this property differed materially from that of a considerable number of its neighbors which, in point of size and appearance, look to be very similar.
Nor is there evidence of undue hardship, as those words have been defined by the courts. Indeed, the whole case in substance established no more than that it was expensive to maintain the house as a residence and almost impossible to sell it as such in today's market. All this went to prove that it would be more profitable to put the property to a commercial use. That clearly is not a sufficient ground for granting a variance. Beirn v. Morris, 14 N.J. 529 (1954); Preye v. Bd. of Adjustment, North Bergen Tp., 22 N.J. Super. 161 (App. Div. 1952).
Relief should be afforded by the courts where, as here, a board of adjustment exceeds the power put into its hands by the statute. Ramsbotham v. Board of Public Works, Paterson, 2 N.J. 131 (1949); Gerkin v. Village of Ridgewood, 17 N.J. Super. 472 (App. Div. 1952).
Affirmed.