SMITH v. GAGE *et al.*

1. Statute of limitations: EFFECT OF DEFAULT: VACATION OF JUDG-MENT. When, in a suit upon a promissory note, it appears from the face of the petition that the cause of action is barred by the statute of limitations, and an answer is filed setting up that plea, but the defendant fails to appear on the day of trial, no judgment can be properly rendered for the plaintiff on the introduction of the note alone, and in the absence of any proof taking the case out of the operation of the statute.

2. —— A defendant, against whom judgment is rendered in such a case, may subsequently appear and have the same vacated on motion.

3. —— NEW TRIAL. The objection that such motion is in the nature of a motion for a new trial, and should have been made within three days after the rendition of the judgment, is waived, unless made in some form at the time of the filing of the motion.

*Appeal from Lee Circuit Court.*

FRIDAY, JANUARY 27.

THIS was an ordinary action on a promissory note made April 8, 1856, by Charles D. Gage and J. H. West, for $150, payable to Susan F. Smith, or bearer, on the first day of June, 1856.

The petition states that, " although the note appears upon its face to be barred by the statute of limitations, yet that the note is still justly due, and the debt still justly subsists, as plaintiff can and will make appear from the answer of defendants or their testimony on the trial of this action." And further, " that since the time this note was given, defendant C. D. Gage has resided out of the State of Iowa for four years."

The defendant Gage answered, and among other things denied that since the time the note was given he has resided out of the State for four years, and avers that long before, and ever since the date of the note, he has resided

in Lee county, Iowa, where his home has continued to be from 1852 to the present time. He also pleads that he paid the note on or about June, 1856, at or before the time the same became due, and he pleads the statute of limitations.

There was no service of notice on the other maker of the note.

On the 25th day of November, 1869, the cause was reached for trial, and, in the absence of the defendant and of his attorney, and without any other evidence than the note sued on, the court rendered a judgment for plaintiff for the amount of the note and interest.

On the 29th day of November the defendant made an application to set aside the judgment, to which application the plaintiff, on the 1st day of December, 1869, replied. On the 3d day of December, 1869, the defendant, by leave of the court, filed an amended motion or application to set aside the judgment, stating more fully the grounds of the application, and supported by his own oath and the affidavit of his attorney. The plaintiff, by her attorneys, asked and obtained a continuance of the application until the next term of the court, and at said term, on the 1st day of March, 1870, filed an answer forming an issue, upon which a trial was had before the court, and an order made setting aside the judgment and ordering a new trial, to which plaintiff excepted.

The judge who tried the cause made the following certificate:

"Susan F. Smith ⎫
    *v.* ⎬
C. D. Gage. ⎭

MOTION TO SET ASIDE JUDGMENT.

"The judgment in said cause was obtained by offering in evidence the note only, *merely showing it to the court;* it was not read, nor was the court informed by the plaintiff or his (her) attorney that said note showed on its face, that it was barred by the statute of limitations; nor was the

court advised of the issue made by the pleadings in said cause, but the court believed that the said note showed on its face a good subsisting cause of action; that said cause was regularly called on the day it was assigned for trial, and the plaintiff, by her attorney, asked for judgment; that no one appearing to represent defendant, the court, on its own motion, passed the case, until the next day after the opening of court after dinner, when the case was again called; thereupon the plaintiff's attorney asked for judgment, which was rendered under the circumstances above stated.

"MARCH 1, 1870 — JOHN B. DRAYER, *Circuit Judge:*

"By consent of parties this statement is to be considered part of the record in this case.

JOHN B. DRAYER, *Circuit Judge.*"

From the order of the court setting aside the judgment the plaintiff appeals.

*McCrary, Miller & McCrary* for the appellant.

*Gilmore & Anderson* for the appellee.

MILLER, J.— I. It is perfectly manifest that, in the face of the answer of Gage, no judgment could be legally
1. STATUTE OF rendered for the plaintiff without proof that he
LIMITATIONS: had resided out of the State as averred in
effect of de-
fault: vaca- plaintiff's petition. It is conceded that no
tion of judg-
ment. evidence of this fact was offered.

The note on its face was barred by the statute of limitations. No recovery could be had thereon without proof of one or the other of the two facts alleged in the petition to take the case out of the operation of the statute, viz., proof by defendant in his pleading or by his testimony as a witness that the debt still justly subsisted, or proof that the defendant had resided out of the State as was alleged.

Both of these facts were *denied* by defendant in his answer. No recovery, therefore, was lawful or proper without some evidence of the defendant's absence from the State.

II. It is urged by appellant that the application of appellee is in the nature of a motion for a new trial, and should have been made within three days after 3.——new trial. the rendition of the judgment. Whether this position be correct or not, the appellant is not in a situation to take advantage of it. When the first motion was made by appellee to set aside the judgment, if liable to this objection, the appellant should then have moved to strike it from the files for the reason that it was not made in time, or in some form made the objection at that time. This was not done; on the contrary plaintiff filed an answer denying the facts stated in the motion and denying its sufficiency, and when the cause came on for hearing on the motion at the November term, 1869, "the plaintiff desiring to take the depositions of the defendant and his attorney, it was agreed by the parties and ordered by the court that the motion should be continued," and it was continued for that purpose. At the March term of the court the plaintiff for the first time suggested, in her answer to the amended motion, as it is called, that it should have been made within three days after the rendition of the judgment. By failing to make the objection at the proper time and in the proper manner she has waived it. We do not hold that the objection would have been good if so made, nor do we hold that it would not.

The showing made by the defendant in the court below made it the manifest duty of the court to set aside the judgment. The order is

Affirmed.