## PESCHONGS v. MUELLER.

1. **Fences: DIVISION LINES: DAMAGES.** The action of fence viewers in locating and apportioning division lines of fence is not conclusive, and it is competent for a land owner to show, in a proper action, that a fence was located upon his land, and not upon the division line, and he may recover damages therefor.

*Appeal from Dubuque Circuit Court.*

FRIDAY, DECEMBER 13.

ACTION to recover the value of the part of a partition fence allotted by the township trustees to defendant, to build and keep in repair, which he failed to build, and which was constructed by plaintiff. The fence divided the lands of the parties to the suit.

The answer admits the action of the trustees in regard to the fence, and that defendant had notice thereof, but avers that defendant was required thereby to build the fence, not on the division line, but wholly upon his own land, and that plaintiff built the fence on defendant's land and not on the division line. The answer pleads a counter-claim for damages sustained on account of the building of the fence on defendant's land, for trees cut down, etc. There was a verdict and judgment for defendant in the sum of ten dollars. Plaintiff appeals.

*Fouke & Lyon,* for appellant.

*H. G. Wullweber* and *Pollock & Shields,* for appellee.

BECK, J.—I.   There was a dispute between the parties involving the division line of their lands when the fence was built.

1. FENCES: division lines: damages.
A survey had been made by one Koob—not the county surveyor—and the line was located by him upon what defendant claimed to be his land.   Thereupon the township trustees required defendant to build the partition fence upon the division line as established by Koob. Defendant refused compliance, and the plaintiff built the fence upon that line and brought this action to recover for building the part of the fence allotted to defendant.

The court below held that the decision of the trustees adopting the division line run by Koob was not conclusive as between the parties, but that it was competent for defendant in this case to show the true division line to be other and different, and if the jury should so find, and that the fence in question was not built on the true division line, plaintiff cannot recover, and defendant is entitled to recover the damages sustained by him on account of trees cut down and the loss of the use of a well upon the strip of land in controversy.   Instructions were given and refused, and evidence admitted by the court in harmony with this ruling, which presents the main question in the case.

We are of the opinion that the views of the court below upon the question of law here presented are correct.

The township trustees, acting as fence viewers, are clothed with no authority to establish or adjudicate upon division lines.   Their jurisdiction is limited to matters involving the obligation of adjoining owners to erect and maintain partition fences; the assignment to each his share of the fence to be built and maintained; the prescribing of time within which it shall be built, and in case of failure to build, and the building by the other party, the ascertaining and certifying of the

value of the fence, etc. Code, §§ 1492, 1490, 1491. The statute provides other proceedings for establishing division lines. Acts Fifteenth General Assembly, chapter 8. Actions are authorized by the law for that purpose. Proceedings of fence viewers, in matters within their jurisdiction, do not bar legal proceedings which involve division lines of lands. Code, § 1506; *Bills v. Belknap*, 38 Iowa, 225.

As the establishing or determination of the division line between the parties is a matter not within the jurisdiction of the trustees, when acting as fence viewers, their action was not binding upon defendant, and final. It was competent for him to show the true line, and that the fence built by plaintiff was not upon it.

II. A witness for plaintiff, in rebuttal, was asked what one of the surveyors, who had run the line for defendant, had said about a certain tree, while doing the work. An objection to the question was sustained. Thereupon defendant offered to recall the surveyor, who had before testified for defendant, and ask him what he did say to this witness. This was not permitted, and is complained of as error. What the surveyor said to the witness was not competent as original evidence in defendant's behalf. If the defendant had the purpose of obtaining the surveyor's statement of his conversation in order to contradict and thus impeach him, that course would not be proper under all circumstances. A party cannot in all cases, if he may in any, recall a witness who has before testified, for the purpose of laying the foundation for impeachment by contradicting his testimony. A state of facts should exist which authorizes such a course; but no such facts are shown in this case, and, therefore, it does not appear that the court erred in the ruling in question.

III. A surveyor testified that the sections on the north line of a township are usually fractional. The evidence was introduced against plaintiff's objection, and is now complained of as error. The fact testified to by the witness may have aided the jury in determining the true line of the land. No

reason for holding the evidence to be incompetent is given by counsel; 'we can discover none.

IV.   The plaintiff asked a witness, introduced by him, to state how one line of the land compared with another.   The court would not permit the question to be answered.   Of this ruling plaintiff complains.   Counsel do not give any other reason in support of the competency of the evidence than that it would have tended to show that the line in question, run by Koob, was correct.   This, probably, would be true, if the line taken as the standard in the comparison had been shown to be correct, which, however, was not done.   We think the ruling upon the evidence is not shown to be erroneous.

V.   It is insisted that some of the instructions are misleading on account of want of clearness, and others are not applicable to the evidence, or are upon points not shown at all by the evidence.   We think these objections are without foundation.

VI.   It is lastly insisted that the verdict is wanting in support from the evidence.   We think otherwise.   The jury were justified in finding that the fence in question was not built on the true line of the land.

Other objections made in the assignment of errors are not urged in argument.   They are considered as waived.

AFFIRMED.