## ANDERSON v. COX.

1. **Fences**: PARTITION FENCE: ESSENTIALS OF. A fence built upon the line of a public alley, but used by the owner of a lot opposite, by fencing across and enclosing the alley, does not become a partition fence by reason of such use, and the township trustees have no jurisdiction to apportion its cost between the parties.

*Appeal from Dubuque Circuit Court.*

TUESDAY, OCTOBER 19.

ACTION to recover the sum of four dollars, alleged to have been paid by the plaintiff to the township trustees for their services as fence viewers. The plaintiff and defendant reside in the town of Peosta, and each is the owner of certain lots in

that town. The lots owned by the plaintiff are separated from those owned by the defendant by a public alley. The plaintiff built a fence along the line of her lots adjacent to the alley. The defendant built across the alley so as to enjoy the benefit of the fence built by the plaintiff. Sometime afterward she called the township trustees, who found that the defendant should pay the plaintiff ten dollars for the past use of her fence, which sum he paid. They also found that he should pay four dollars costs, which sum he refused to pay. Thereupon, the plaintiff paid the amount, and brought this action to recover the same. The court instructed the jury to find for the defendant, and verdict and judgment were rendered accordingly. The plaintiff appeals.

*McCeney & O'Donnell*, for appellant.

*S. M. Pollock*, for appellee.

ADAMS, CH. J.—The question certified is in these words: "Whether a party who fences across a public alley in a village, connecting with and using the fence on the other side, by doing so makes it a partition fence, and can be made to pay for the use of the same, and whether the township trustees had any jurisdiction in the matter."

1. FENCES: partition fence : essentials of.

The fence viewers have jurisdiction only when a controversy arises between the respective owners of land about partition fences. Code § 1492. *Peschongs v. Mueller*, 50 Iowa, 237.

The plaintiff's land did not join the defendant's. The fence, then, was not a partition fence by reason of its location. Could it be such by reason of its use? We think not. The alley was liable to be opened at any time.

If we regard it as a partition fence, the defendant was liable not simply to pay for past use (which he has done, and as a neighbor perhaps ought to do) but to contribute to the erection and maintenance of it. But it is not claimed that the

defendant was under such obligation, nor could he be, because the alley was liable to be opened at any time, and he would then be deprived of the use.

We conclude, then, that the fence was not a partition fence within the meaning of the statute; and if we are correct in this the fence vievers had no jurisdiction in the matter, and the defendant could not properly be charged with costs for their services.

AFFIRMED.