EDWARD M. YOUNG ET AL., Plaintiffs, v. J. H. PRESTON, Judge of the District Court of Linn County, Defendant.

**Intoxicating liquors:** NUISANCE: INJUNCTION. The judge in vacation has authority to issue a temporary injunction to restrain a liquor nuisance, whether the action is brought in the name of a private citizen or by the state through the county attorney.

**Same:** REVIEW OF INJUNCTIONAL ORDER. Appeal and not *certiorari* is the proper method of reviewing an order granting a temporary injunction to restrain a liquor nuisance.

THURSDAY, JULY 12, 1906.

CERTIORARI proceedings to review the action of the defendant, granting temporary injunctions in liquor nuisance cases.— *Dismissed.*

*E. C. Barber, C. T. Jones,* and *John A. Reed,* for plaintiffs.

*C. G. Watkins,* County Attorney, and *Rickel, Crocker & Tourtellot,* for defendant.

SHERWIN, J.— The plaintiffs in the case were defendants in actions brought by the county attorney to enjoin nuisances under section 2406 of the Code. The petitions in those actions were presented to the judge at chambers, and upon due notice to the defendants therein temporary writs were issued in the several cases restraining them from selling intoxicating liquors within the judicial district. This action, in which all of the defendants in the injunction actions join, was brought to determine the validity of the orders granting temporary writs. The main contention of the plaintiffs is that the statute in question does not authorize a tem-

porary injunction in these cases, and, further, that such injunction cannot be issued in vacation by a judge. The defendant urges that the plaintiffs have a full and complete remedy by appeal, and that *certiorari* will not lie. If the judge acted without jurisdiction, however, it is clear that *certiorari* is the proper proceeding. Code, section 4154; *Abney v. Clark,* 87 Iowa, 727.

We think there can be no serious question as to the jurisdiction of the defendant. It is the policy of the law to completely suppress the illegal sale of intoxicating liquors

1. INTOXICATING LIQUORS: nuisance: injunction.

and the various provisions of title 12, chapter 6, of the Code must be construed together in determining the legislative intent as to particular provisions which are not in themselves specific. Section 2405 of the chapter provides that whenever a nuisance is kept or exists as defined in the chapter any citizen of the county may maintain an action in equity to perpetually enjoin and abate the same, and that in such action the court or a judge in vacation shall allow a temporary writ of injunction without bond. The same section then provides for the manner of presenting the evidence in support of the application, the notice which shall be given and the scope and effect of the writ when issued. Section 2406 provides that actions to enjoin nuisances may also be brought in the name of the state by the county attorney, or any citizen may maintain the action in his name. This section also provides for the final trial of the action and for the taxation of an attorney's fee, etc. These two sections of the statute were evidently intended to provide the fullest means for suppressing liquor nuisances, not in the interest of any particular individual, but for the public good, and no reason exists why the judge may not issue a temporary writ in vacation on the petition of the state or a citizen of the county under section 2406, as well as on the petition of a citizen of the county under section 2405. As we have already said, the purpose of both sections is the same. An action brought under either

section in the name of the state or by a citizen of the county in his own name must be in equity. If brought by, or in the name of, the citizen, it is for the public good, and, whether the action be credited to one or the other of the two sections, it is apparent that the citizen is entitled to a temporary writ, and that it may be issued by the judge in vacation. It therefore follows that the Legislature must have intended the same procedure in action brought in the name of the state by the county attorney. The action by the individual ·is for the benefit of the public, and it is not to be presumed that the title of the action is to change the rights of the public. *Littleton v. Fritz,* 65 Iowa, 488; *Conley v. Zerber,* 74 Iowa, 699; *McQuade v. Collins,* 93 Iowa, 22. Moreover, if section 2405 is to be entirely excluded from consideration in determining the intent of section 2406, the judge may issue a temporary writ in vacation under the provisions of sections 4356 and 4357 of the Code. *Littleton v. Fritz, supra; Pontius v. Bowman Bros. et al.,* 66 Iowa, 88.

Having determined that the defendant had jurisdiction to issue the temporary writs, it follows that the plaintiffs had plain, speedy and adequate remedies by appeal. Code, sections 4154, 4101, 4102; *Oyster v. Bank,* 107 Iowa, 39.

All of the other questions involved in this action are determinable on appeal after a final disposition of the case in the court below and cannot be considered in this proceeding. *State v. Roney,* 37 Iowa, 30; *Ransom v. Cummins,* 66 Iowa, 137. The defendant's motion to strike the additional return to the writ made by the clerk of the court and the plaintiffs' amendment to abstract based thereon is sustained. The plaintiffs' motion to strike the defendant's amendment to abstract is overruled. For the reasons stated, this proceeding is dismissed at the costs of the plaintiffs.— *Dismissed.*

2. SAME: review of injunctional order.