DES MOINES UNION RAILWAY COMPANY, Complainant, v. A. B. FUNK, Industrial Commissioner, et al., Respondents.

**MASTER AND SERVANT:** Workmen's Compensation Act—Interstate Commerce. A servant injured at a time when he is engaged in interstate commerce must resort to the Federal Employers' Liability Act,—may not resort to the state Workmen's Compensation Act.

**CERTIORARI:** Right of Appeal—Effect. The right of appeal from a wholly unauthorized proceeding does not exclude certiorari. So held where certiorari was held to lie to review a finding by a board of arbitration under the Workmen's Compensation Act, in a case where both employer and employee were engaged in interstate commerce at the time of injury.

*Certiorari from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

JANUARY 27, 1919.

CERTIORARI to test the right of a commission appointed under the Workmen's Compensation Act to hear and determine the liability of a railroad company to its employee, when the injury arose at a time when both were engaged in interstate commerce.—*Reversed.*

*Parrish & Cohen,* for appellant.

*Miller & Wallingford* and *Oliver H. Miller,* for appellees.

GAYNOR, J.—Martin Walker was employed by the plaintiff company as a wheel borer in one of its shops at Des Moines, where, on the 25th day of August, 1915, he was accidentally caught upon the revolving shaft of certain machinery, receiving injuries from which he died. Prior to this accident, both employer and employee had elected to accept the terms of the Workmen's Compen-

1. MASTER AND SERVANT: Workmen's Compensation Act: interstate commerce.

sation Act (Chapter 147 of the Acts of the Thirty-fifth General Assembly). Myrtle M. Walker, widow of the deceased, applied to the Industrial Commission, alleging that her husband came to his death by accident, while in the course of his employment, and asking that her damage or compensation be assessed as provided by said act. A board of arbitration was organized, and proceeded to hear the case. The plaintiff herein, as the employer of the deceased, appeared, and denied liability, on the alleged grounds: First, that the deceased was not in the course of his employment at the time of his death; and second, that his said employer, plaintiff herein, was, at that time, engaged in business as a common carrier of interstate commerce, and the employee (for whose death compensation was asked) was, at the time of his death, in the service of the company in and about such business.

The board of arbitration found that the deceased was in the course of his employment at the time of the accident, and that he was engaged in the work of interstate commerce. It also found that the widow's claim was just and recoverable, under the Compensation Act, and assessed the amount of her recovery. Thereafter, the company (plaintiff herein) began this action in certiorari in the district court of Polk County, alleging that the industrial commissioner and the board of arbitration had exceeded their jurisdiction, in that the said company and the deceased were engaged in interstate commerce at the time of the accident, and that the whole remedy of the widow, if any she had, was under the statutes of the United States, or what is known as the Employers' Liability Act.

Upon these allegations, a writ of certiorari was issued to the industrial commissioner and to the widow of the deceased, requiring a return to be made to the district court of the record of the proceedings had before said commissioner and the board of arbitration. Full return was made

and certified to the district court, in obedience to the writ, and upon the showing thus made, the defendants moved to quash the writ and dismiss the certiorari proceedings, because the defendant company had a plain, speedy, and adequate remedy at law by appeal. This motion was sustained, the proceedings dismissed, and the plaintiff appeals.

A determination of the controversy here requires the consideration of the following propositions:

(1) Does the Workmen's Compensation Act provide for any appeal from the assessment of damages under the terms of the said act?

(2) If there be a right of appeal, is it exclusive, or may the jurisdiction of the commission and the board of arbitration in any given case be questioned and determined in a certiorari proceeding?

(3) Does the fact, if it be a fact, that the deceased was killed while employed in interstate commerce, bar his widow from the right to demand and receive the benefit of the Workmen's Compensation Act?

We will consider the last proposition first: Is one entitled to invoke the said Workmen's Compensation Act, when it is shown that both the employer and the employee were, at the time of the injury, engaged in interstate commerce?

For the purposes of this decision, we assume that they were so engaged. The commission so found. There never has been any doubt among the courts that, when Congress acts upon a subject, all state laws covering the same field are necessarily superseded, by reason of the supremacy of the national authority. But there has been some controversy as to whether the Federal Employers' Liability Act does cover injuries occurring without negligence. It has been the contention of some able counsel, and is the holding of some of the state courts, that the Federal Employers' Liability Act covers or regulates the liability or obligation of

carriers and the right of the employee only for injury re-
sulting in whole or in part from negligence, and does not
cover injuries occurring without negligence. Following this
line of reasoning, some of the courts have held that the
state Workmen's Compensation Act could be invoked and
relied upon, and relief given, in cases where the liability
is not predicated on negligence; and the thought in the
reasoning is that the Federal Employers' Liability Act
covers liability arising from the negligence of the carrier
only. The Supreme Court of New Jersey, in *Winfield v.
Erie R. Co.*, 88 N. J. L. 619 (96 Atl. 394), held that, where
the Federal Act affords no remedy,—that is, where the
injury occurs under such circumstances that no liability
is imposed upon the carrier by the act,—the injured em-
ployee may invoke the remedy given by the state statute;
so it was said that, in order to defeat the right to invoke
the state Workmen's Compensation Act, it must affirma-
tively appear that a right of action is given to the widow
or personal representative of the employee by the Federal
statute: in other words, that it must appear that the injury
resulted in whole or in part from negligence chargeable
to the defendant company, in order to bring it within the
Federal Employers' Liability Act. On this basis of reason-
ing, that court held that the liability sought to be enforced
was not a liability arising out of negligence, and, there-
fore, was not covered by the Federal Employers' Liability
Act, but rested on a contractual obligation created by the
state statute, consented to by both the employer and the
employee; and said, in substance, that the injured party
is entitled to invoke the state statute, in the absence of any
averment by her, or any proof offered, or any admission
made by the defendant company, showing that the death of
her decedent resulted from the defendant's negligence; that
negligence is essential to create a liability against it under
the Federal statute.

The New York Court held to substantially the same doctrine in *In re Winfield v. New York Cent. & H. R. R. Co.,* 216 N. Y. 284 (110 N. E. 614). The California and Illinois Supreme Courts, however, held to a different doctrine. *Smith v. Industrial Acc. Commission,* 26 Cal. App. 560 (147 Pac. 600) ; *Staley v. Illinois Cent. R. Co.,* 268 Ill. 356 (109 N. E. 342). In the last-named case, it was said:

"The Federal Employers' Liability Act has taken possession of—has occupied—that field for the purpose of calling into play therein this exclusive power of the Federal government. Necessarily, all common or statute laws of this state on that subject have been superseded. The field of liability as to employees injured while engaged in interstate commerce on railroads, is occupied exclusively by the Federal Employers' Liability Act—and that, too, regardless of the negligence or lack of negligence of either party to the litigation."

Whatever controversy may have existed has now been set at rest by the decision of the Supreme Court of the United States; and the doctrine announced by the courts of California and Illinois has been approved. *Winfield v. New York Cent. & H. R. R. Co.,* heretofore cited, came to the Supreme Court of the United States, and is reported in 244 U. S. 147 (61 L. Ed. 1045) ; and it was held that the doctrine announced by the Supreme Courts of New York and New Jersey was wrong. It was said:

"True, the act does not require the carrier to respond for injuries occurring where it is not chargeable with negligence; but this is because Congress, in its discretion, acted upon the principle that compensation should be exacted from the carrier where, and only where, the injury resulted from negligence imputable to it. Every part of the act conforms to the principle, and no part points to any purpose to leave the states free to require compensation where the act withholds it. * * * It was the intention of Con-

gress to make negligence the basis of the employee's right to damages, and to exclude responsibility of the carrier to the employee for an injury not resulting from its negligence."

In *Erie R. Co. v. Winfield,* 244 U. S. 170 (61 L. Ed. 1057), these questions were presented:

"First, Whether the Federal Employers' Liability Act is regulative of the carrier's liability or obligation in every instance of the injury or death of one of its employees in interstate commerce, or only in those instances where there is causal negligence, for which the carrier is responsible. * * * Third, Whether, by reason of the state statute [State Workmen's Compensation Act], the carrier became bound contractually to make compensation in this instance, even though it came within the Federal act."

The disposition of the first question was made by referring to what was said in *New York Central R. Co. v. Winfield,* 244 U. S. 147, saying further:

"We are of opinion that the Federal act proceeds upon the principle which regards negligence as the basis of the duty to make compensation, and excludes the existence of such a duty in the absence of negligence, and that Congress intended the act to be as comprehensive of those instances in which it excludes liability as of those in which liability is imposed. It establishes a rule or regulation which is intended to operate uniformly in all the states as respects interstate commerce, and in that field it is both paramount and exclusive."

Answering the other question, the court said that the Workmen's Compensation Act differed materially from the Federal act. The Workmen's Compensation Act rejects negligence as a basis of liability, and requires compensation to be made by the employer, wherever the injury or death of the employee is an incident of the service in which he is employed. This part is described as "elective." and is

not to be applied unless the employer and the employee shall have agreed, expressly or impliedly, to be bound thereby, and to surrender their rights "to any other method, form, or amount of compensation or determination thereof." Respecting the mode of manifesting such an agreement or the contrary, it is provided that every contract of hiring "shall be presumed to have been made" with reference to this part of the statute; and unless the contract or a notice from one part to the other contain "an express statement in writing" to the contrary, it "shall be presumed that the parties have agreed to be bound" by this part of the statute. The court then said:

"But such a presumption cannot be indulged here, and this for the reason that, by the Federal act, the entire subject, as respects carriers by railroad and their employees in interstate commerce, was taken without the reach of the state laws. It is beyond the power of any state to interfere with the operation of that act, either by putting the carrier and their employees to an election between its provisions and those of the state statute, or by imputing such an election to them by means of a statutory presumption. This question must, therefore, be answered in the negative."

We deduce from these holdings that all controversies touching the liability of a railroad company engaged in interstate commerce to its employees engaged in the same way are removed by the Federal Employers' Liability Act from the sphere of state legislation, and that the commission provided for in the statute, for ascertaining and determining liability between employer and employee, has no jurisdiction when the injury occurred while both parties were engaged in interstate commerce.

This brings us to a consideration of the first and second propositions hereinbefore stated.

It appears that, when the matter came before the commission, the plaintiff raised the ground of jurisdiction, and

claimed that both parties were engaged in interstate com-
merce, and that the rights of the parties
were regulated and controlled by the Fed-
eral Employers' Liability Act.   The com-

*2. CERTIORARI:
right of ap-
peal: effect.*

mission, however, proceeded to determine the question of
liability, and did determine that the plaintiff in this suit
was liable for injury under the provisions of the Work-
men's Compensation Act.   Thereupon, this plaintiff sued
out a writ of certiorari, alleging and claiming that the
tribunal was without jurisdiction to hear the matter.   The
defendant in this suit came into court, and moved to dis-
miss the writ, for the reason that the plaintiff had a plain,
speedy, and adequate remedy at law.   This was sustained.

Under the statute, no appeal lies from the action of the
commission.   The commission acts, and determines the
rights of the parties, and its finding is filed in the district
court, and a judgment is there entered in accordance with
the finding.   That is the first time that the right of appeal
attaches.   The direct claim of plaintiff is that the inferior
tribunal, from whose action no appeal lies, had exceeded
its jurisdiction, and was acting illegally in the premises.
Our statute (Sec. 4154, Code, 1897), provides:

"The writ of certiorari may be granted when authorized
by law, and in all cases where an inferior tribunal, board or
officer exercising judicial functions is alleged to have ex-
ceeded his proper jurisdiction, or is otherwise acting il-
legally, and there is no other plain, speedy and adequate
remedy."

It is the general holding of the courts that, where the
objection made is one of jurisdiction,—of a jurisdictional
nature,—and it is shown satisfactorily that the proceeding
sought to be reviewed is wholly unauthorized, the mere right
of appeal is not speedy or adequate, within the meaning of
the statute, and certiorari will, therefore, lie.   *Davis v.
Preston,* 129 Iowa 670; *Young v. Preston,* 131 Iowa 292,

VOL. 185 IA.—22

293; *Ryan v. Hutchinson,* 161 Iowa 575; *Barry v. Black Hawk County Dist. Court,* 167 Iowa 306; *Timonds v. Hunter,* 169 Iowa 598; *United States S. Voting Mach. Co. v. Hobson,* 132 Iowa 38.

It is true that the mere allegation that a tribunal is acting without jurisdiction is not, in and of itself, sufficient to justify the issuing of a writ, in all cases. But, when some substantial fact is shown which, if true, proves that the proceeding complained of is unauthorized, and that the tribunal is without power or authority to entertain it, then certiorari lies. In the instant case, the jurisdiction was challenged on the ground, which is not disputed, that both parties were engaged in interstate commerce at the time of the injury. If this be true, then, under the holding of the Supreme Court of the United States, the commission constituted by the Workmen's Compensation Act had no jurisdiction of the subject-matter of this controversy. Further than that, it is not sufficient that there appear to be a right of appeal. The remedy afforded by appeal must be plain, speedy, and adequate. Is remedy by appeal speedy when, by the act itself, the right of appeal is postponed until after a judgment has been entered against the party complaining? The commission was without jurisdiction. It had no right to hear and determine any fact upon which the court, under the statute, might enter judgment. Can it be said that the remedy by appeal is speedy when no direct appeal is allowed from the action of the body whose right to act is questioned, and when the right to review is postponed until after the judgment has been entered upon its illegal and unauthorized findings? Jurisdiction involves the right to hear and determine. The writ of certiorari is allowed, to the end that the right to hear and determine may be investigated. Certiorari is the remedy, under our statute. Plaintiff questioned the commission's right to take evidence,—to hear and determine the liability of this plain-

tiff,—and shows that the subject-matter under investigation is not within the jurisdiction of the tribunal attacked. No discussion can make plainer the fact that the commission had no jurisdiction to inquire into or determine any. fact touching the liability of this plaintiff to the injured party, when both were engaged in interstate commerce. The commission assumed jurisdiction. It assumed the right to make a report to the district court, upon which, under the law, without notice to this plaintiff, judgment would be entered against the plaintiff. The proceeding here called in question the very right to do this thing; questioned the right of this tribunal to do it. It was the only speedy remedy open to the complainant here. He was not required to sit by and permit a tribunal, acting upon a subject-matter over which it had no jurisdiction, to determine the existence of a liability which, under that statute, must merge into a judgment, and then appeal from that judgment.

The remedy by appeal was neither plain, speedy, nor adequate. The right to a writ of certiorari existed. The court erred in quashing the writ. The cause is, therefore,—*Reversed.*

LADD, C. J., PRESTON and STEVENS, JJ., concur.