W. M. NICHOLS et al., Appellees, v. C. M. FIERCE et al., Appellants.

FENCES:. Fence Viewers—Jurisdiction. Written request by one land-
1  owner to an adjoining landowner to maintain his portion of a partition fence is essential, to create a ''controversy'' and to invest the fence viewers with jurisdiction to act.

FENCES: Maintenance—Oral Agreement. Principle reaffirmed that ad-
2  joining property owners may validly bind themselves by oral contract to maintain designated portions of partition fences.

Headnote 1: 25 C. J. pp. 1023, 1027, 1028 (Anno.) Headnote 2: 27 C. J. p. 204.

Headnote 1: 11 R. C. L. 887. Headnote 2: 11 R. C. L. 881.

*Appeal from Lucas District Court.*—E. S. WELLS, Judge.

FEBRUARY 8, 1927.

Action to fix and establish the portion of certain partition fences to be maintained by the respective parties. An order by the fence viewers was affirmed by the district court on appeal, and from the said order of the district court the defendants prosecute this appeal.—*Reversed.*

*E. A. Anderson,* for appellants.

*Collinson & Threlkeld* and *C. F. Wennerstrum,* for appellees.

Faville, J.—I. Appellee Nichols owns certain tracts of land. Kelley is his tenant. The appellants each own a tract of land which is adjacent to one of the tracts owned by the appellee. The appellants are not tenants in common, but own separate and distinct tracts. No question of their right to prosecute the action jointly is raised. The proceedings involved were instituted by the oral request of appellee Kelley, as agent of Nichols, to the township trustees of the township in which the lands in question are located, to act as a board of fence viewers and to establish the portions of the partition fences between the Nichols land and the several tracts owned by the appellants. Responding to said oral request, the board of township trustees, acting as fence viewers, caused a notice to be served upon the appellants of a hearing by the said fence viewers. It appears that, upon the date fixed in said notice, the fence viewers appeared upon the ground, and that the appellants were personally present at said time, and observed the action of the fence viewers in examining the fences. It also appears that they orally made statements to the fence viewers at said time, respecting a claimed existing oral arrangement as to the division of said fences. The fence viewers made a finding in regard to the portions of each of the several partition fences involved, and from said order an appeal was taken to the district court. A transcript of the record of the fence viewers was filed in the district court, duly certified by the township clerk. The appellants do not appear to have filed any pleadings. In the district court the appellees filed a purported "answer to appellants' appeal," in which they "deny the allegations contained in said appeal, and that the board of trustees of Jackson Township acted illegally." Whether any allegations in any pleading were made by the appellants in the district court, in which the claim was made that the board of fence viewers acted illegally, does not appear in the record. The matter was presented undoubtedly in a very informal manner, and without pleadings clearly presenting the issues. The cause

1. Fences: fence viewers: jurisdiction.

was tried in equity. Appellants, in their brief, state the "nature of the defense" as follows:

"The appellants at all times denied the right of the fence viewers to take jurisdiction in respect to said partition fences, and denied that there was any controversy or dispute between the adjacent owners of lands of plaintiffs and defendants, now appellees and appellants, over the partition fences then existing between the lands of plaintiffs and defendants."

The appellees, in their brief, state that the issues, among other things, presented the following:

"That no controversy had arisen between any of the parties hereto relative to the division or maintenance of said partition fences."

The appellants, in their brief, contend that:

"There was no dispute or controversy between the adjacent owners, and therefore no cause of action existed, and the court should have so found."

It therefore appears that both parties concede that, regardless of how the issue may have been framed in the court below, the question of the jurisdiction of the board of trustees to act in the premises as fence viewers, on the ground, among other things, that no controversy had arisen between any of the parties relative to the division or maintenance of said partition fences, was involved in the case.

Appellants' contention of want of jurisdiction on the part of the fence viewers must be sustained. There is no claim anywhere in the record that, prior to the institution of the proceedings before the fence viewers, any written request had been made by the appellees upon the appellants or either of them to erect and maintain the partition fence in question or any portion thereof, or to keep the same in good repair. The case appears to fall within our holding in the recent case of *Sinnott v. District Court*, 201 Iowa 292, wherein we considered the provisions of Chapter 88 of the Code of 1924 respecting fence viewers, and held that the fence viewers had no jurisdiction to act in a matter of this kind involving a controversy respecting a partition fence until "*a controversy*" in fact arose, and that no such controversy did arise giving jurisdiction to the fence viewers until after a written request had been made by one owner upon

the other, as provided by Section 1829 of the Code of 1924. We therein said:

"The plain purpose of the statute is to impose no obligation on one landowner, enforcible by the fence viewers, to build or repair a partition fence, until written request of the adjoining owner upon him to do so. The fence viewers are given authority only to determine controversies. Section 2356, Code of 1897 (Sections 1831, 1832, Code of 1924); *Anderson v. Cox*, 54 Iowa 578. The landowner is not to be compelled by the fence viewers to do something he is not required by law to do, or subjected to the expense incident to calling them out, until the duty to act has been imposed on him by the request of the adjoining owner. Until then, there can exist, in such case, no such controversy as the statute contemplates. The written request is an essential prerequisite to the creation of the duty the fence viewers may enforce; it is essential to their jurisdiction to act at all. Without it there is nothing of which they could take jurisdiction."

It would therefore appear that, under the undisputed record in this case, the fence viewers acquired no jurisdiction to proceed in said matter because there had been no written request whatever on the part of the appellees herein and "no controversy had arisen between the parties." There is no claim of any waiver of jurisdiction on the part of the appellants. The trial court should have set aside the finding and action of the fence viewers, as being without jurisdiction.

II. The foregoing necessarily disposes of the appeal in this case; but, in view of the arguments of counsel, we deem it not improper to say that an examination of the record discloses that not only had no controversy arisen between the parties with regard to the portion of the partition fence that should be maintained by them, but the record affirmatively shows that the portions of the partition fence claimed by the appellants had been recognized and maintained by them under an oral agreement with the adjacent landowners in each instance, and for a long period of years. Upon the facts under the record, the case comes within our holding in *Osgood v. Names*, 191 Iowa 1227; and the action of the fence viewers should have been reversed.

2. FENCES: maintenance: oral agreement.

The order appealed from must be and it is—*Reversed*.

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.