WILLIAM M. ESTES, Appellee, v. BOARD OF SUPERVISORS OF MILLS COUNTY et al., Appellants.

DRAINS: Establishment—Subsequent Exclusion of Lands—Effect. The
1   board of supervisors has no power or jurisdiction to *exclude* lands from a drainage district subsequent to the final establishment thereof.

CERTIORARI: When Writ Lies—Appeal as Non-exclusive Remedy.
2   Either certiorari or appeal will lie to review the action of the board of supervisors in attempting to exclude lands from a drainage district after its establishment and construction, such attempted action being *wholly* beyond the jurisdiction of the board.

Headnote 1:   19 C. J. p. 617.   Headnote 2:   19 C. J. p. 675.

*Appeal from Mills District Court.*—EARL PETERS, Judge.

DECEMBER 13, 1927.

Certiorari to the board of supervisors of Mills County, to annul the action of the board in taking lands of the defendant Vinton out of a drainage district after establishment of the district. The trial court sustained the writ, and annulled the action of the board. Defendants appeal.—*Affirmed.*

*W. E. Mitchell* and *W. S. Lewis,* for appellants.

*C. E. Dean* and *C. H. Cook,* for appellee.

MORLING, J.—Pony Creek Drainage District was established about 1902, and the improvements constructed. It seems that bonds have been issued, of which $5,000 are outstanding. There

1. DRAINS: estab-
lishment: subse-
quent exclusion
of lands: effect.

have been three clean outs, and some widening, remodeling, and relocating. The average annual expenditure since establishment has been

about $76,000. The evidence is that, to keep up the improve-
ments, work from time to time will be required. Since establish-
ment, various tracts of land have been taken out of the district,
by formal or informal action of the board, and new classifica-
tions have been made. Defendant Vinton is the owner of land
included in the district at the time of its original establishment.
He endeavored to obtain drainage into the Pony Creek ditch, of
water which it was claimed did not naturally find its outlet that
way. His effort was unsuccessful, and he thereupon petitioned
the board to have his land excluded from the district. He says:

"The board of supervisors proposed to me that they would
take my land out, and I would take the water across the road,
and whenever I got drainage, I paid drainage taxes."

The board, without notice to the other landowners, adopted
a resolution excluding the Vinton land from the district. Vinton
was one of the three members of the board. All three voted for
the resolution. The plaintiff owns land in the district. He knew
of the action of the board in time to appeal.

I. Defendants urge that plaintiff had a remedy by appeal,
and that his remedy by appeal was adequate and exclusive; that
he therefore cannot resort to certiorari. The action of the board
in excluding land from the district, if without
jurisdiction, though reviewable on appeal, may
also be reviewed on certiorari. The remedy by
appeal is not exclusive when the action com-
plained of is without jurisdiction. *Berkey v. Thompson,* 126
Iowa 394; *Sinnott v. District Court,* 201 Iowa 292.

2. CERTIORARI: when writ lies: appeal as non-exclusive remedy.

II. Defendants rely on *Mittman v. Farmer,* 162 Iowa 364,
374, as authority sustaining the power of the board to take land
out of an established district. That case was an appeal from the
order of establishment, and is not in point. No statute con-
ferring upon the board power to exclude lands from the district
after establishment has been called to our attention, and we
think that the implication of such power would be repugnant to
the tenor and purpose of the drainage laws. See Section
1989-a21, Code Supplement, 1913. This district was established
before the adoption of the drainage law of 1904, Chapter 68,
Acts of the Thirtieth General Assembly. See Chapter 67, Acts
of the Thirtieth General Assembly. The parties in argument

apparently assume the applicability of the drainage law as it is now contained in the Code of 1924.

The inclusion of land in a drainage district by original establishment is conclusive unless appealed from. It cannot thereafter be asserted that such land is not benefited by the improvement. *Thompson v. Board of Supervisors,* 201 Iowa 1099; *Chicago & N. W. R. Co. v. Board of Supervisors,* 182 Iowa 60; Code Supplement, 1913, Section 1989-a12; Code of 1924, Section 7474.

"The classification as finally adopted shall remain the basis of all future assessments for the purpose of said district unless revised by the board in the manner provided for reclassification." Code of 1924, Section 7476; Section 1989-a12, Code Supplement, 1913.

See Code Supplement, 1913, Sections 1946, 1946-a to 1946-e, inclusive.

The drainage law prior, as well as subsequent, to 1904 provided for the issuance of drainage bonds. Code of 1897, Section 1953; Code of 1924, Section 7503. The district after establishment is under the control of the board, whose duty it is to keep the improvement in repair. The board may cause the drains to be enlarged, and the location changed. Code of 1924, Section 7556; Code Supplement, 1913, Section 1989-a21. It is provided:

"The cost of such repairs or change shall be paid by the board from the drainage fund of said levee or drainage district, or by assessing and levying the cost of such change or repair upon the lands in the same proportion that the original expenses and cost of construction were levied and assessed, except * * *" Code Supplement, 1913, Section 1989-a21.

See, also, Code of 1924, Sections 7557, 7558, *et seq.* Reclassification is provided for. Code of 1924, Sections 7492, 7494, 7562, and preceding statutes there referred to. See Code Supplement, 1913, Section 1946-a *et seq.* Provision is made for annexation of additional lands. Code of 1924, Section 7549 *et seq.,* and citations to previous statutes. Also for the establishment of a new district, to include a former one. Code of 1924, Sections 7554, 7555, and antecedent laws. The fact that these statutes, elaborate as they were when first enacted, and more so by amendment, make no provision for excluding lands from a district

after final establishment, is significant of the intention of the legislature.

A drainage district is a co-operative enterprise. The improvements, frequently very large and valuable and expensive in maintenance, are constructed in reliance upon the liability of all the lands within it to contribute, not merely to the original cost, but to upkeep. Long-time obligations are incurred. In many cases, the ditch is of such a character that it will become valueless in a comparatively short time unless repairs are made. Many drains require almost continuous repair and improvement. The landowners are protected from unjust taxation originating in new conditions by the provision which the law makes for reclassification, for including other lands, and for the establishment of a new district. If the board may take out one tract, it may take out another. Each exclusion will furnish excuse for others. Supposed favoritism to one taxpayer will be urged as a reason for equivalent action in alleged justice to another. Changes in boards will bring changes of sentiments and of favorites. Original physical conditions influential in the establishment of the district may be eliminated and forgotten, and present conditions may seem to call for exclusion of land that was originally greatly benefited. The legislature might well have considered that injustice was more likely to result from denial than from granting to the board the power of post-establishment exclusion.

It is, we think, apparent, without further elaboration, that the board of supervisors was wholly without power or jurisdiction to exclude the lands in question from the district; that its order now under review is void. The writ of certiorari was properly sustained, and the judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.