WM. H. MORRISON, Appellant, v. E. D. KIPPING et al., Trustees; CLARENCE T. WHITE, Township Clerk, Appellees.

No. 45095.

FEBRUARY 13, 1940.

Harry Wifvat, for appellant.

Charles I. Joy, County Attorney, and John G. Regan, for appellees.

SAGER, J.—Plaintiff and defendants Kipping were owners of adjoining farm lands. Sometime about August 1937 (the exact date not appearing), plaintiff served a notice on the township trustees which, after describing the lands of the respective owners, said that the defendants Kipping "have refused to maintain their share of the division fences between

the above property and the property now owned by myself and located in said township." Thereupon the following proceedings were had as shown by the written record made by the township trustees:

"The Board of Trustees of Linn Township met at the Feed Lot of Wm. H. Morrison at the written request of Wm. H. Morrison to view the fence between Wm. H. Morrison and E. D. Kipping and the fence between Wm. H. Morrison and J. C. Kipping. At the hearing Morrison claimed that E. D. Kipping and J. C. Kipping refused to build or maintain any of the fence. J. C. Kipping and E. D. Kipping claimed the fence never was legally divided and asked the Trustees to divide the fence."

Before this written order was made, the parties, plaintiff and defendants Kipping, met upon the premises and presented their respective claims. The plaintiff insisted that all that was before the trustees was the matter of requiring the Kippings to build and maintain certain fences. Defendants Kipping contended that the portions of the fence to be maintained by the different owners had never been established by oral contract, acquiescence, or otherwise, and asked that the fence viewers determine the matter. The trustees divided the fences in a way that did not meet the approval of the plaintiff; hence this appeal.

The lower court filed a written ruling which so accurately sets forth our views of the record that we quote in part:

"The only question that was urged during the hearing as to the legality of the proceedings of the trustees is as to the force and effect of the request made by Morrison to the trustees, and which is known in the record as Exhibit B [plaintiff's notice to the trustees]. Morrison claims that the jurisdiction and power of the trustees to act is limited to the exact matters contained in the request made to the fence viewers, and that in the instant case the action taken was in excess of the authority granted them by said Exhibit B."

The trial court held that the ruling of the trustees apportioning the fences was within their jurisdiction, notwithstanding plaintiff's claim that the fences had been previ-

ously divided or assigned. Appellant's contentions in this regard are thus stated by the trial court in its decree:

"It is urged that there had already been a division made between the parties many years before, and that it was binding upon the trustees to observe the same. The record does not show such to have been the case, and in fact appellant in his pleadings claims the fact that there was a division, but that he is unable to state the names of the owners of the real estate at the time that the alleged division was supposed to have been made. There is evidence that the fence had been maintained by the respective owners of the real estate for many years, but this does not in my judgment bar the adjoining landowners from having a legal division made at any time that they desire, and it is in this light that I view this case. I assume that the trustees, as fence viewers, exercised their duties in a fair and impartial manner, and that the order made was in their judgment a fair and reasonable one to make, and under the record in the entire case I do not feel inclined to change the division which was ordered by the trustees."

 A careful reading of the record satisfies us that the conclusions of the lower court are abundantly justified. Aside from the assertion of bare conclusions on the part of plaintiff that there had been a division, and testimony of certain witnesses that part of the fences had been maintained for a number of years by some of the owners of the respective tracts, the evidence wholly fails to show any legal division of fences by acquiescence, by written agreement as provided in section 1840, Code of 1935, or otherwise. But appellant argues that under section 1831 of the Code of 1935, which defines the powers of township trustees in matters of this kind, the trustees could only "hear and determine the matter named in said notice." From this he proceeds to the claim that his notice invited only an order from the trustees compelling the defendants Kipping to build fences on lines already determined. In support of this he cites Pickerell v. Davis, 164 Iowa 576, 146 N. W. 34, and Scott v. Nesper, 194 Iowa 538, 188 N. W. 889. These cases were decided before section 2356, Code of 1897, was amended by chapter 52 of the Acts of the Thirty-eighth General Assembly to make section 1831 of the Code of 1935 what it is now. Since the enactment of said chapter 52, adjoining

owners are compelled to build fences only "upon written request of either owner." No such notice had been given in this case. For that reason appellant now argues that while fence viewers may have had jurisdiction of the parties, consent could not give jurisdiction to the subject matter. In support of this, he cites Sinnott v. District Court, 201 Iowa 292, 207 N. W. 129, and Nichols v. Fierce, 202 Iowa 1358, 212 N.W. 151. This argument overlooks the fact that in these cases, the question was presented by parties in interest whose action was sought to be coerced, and not by the owner who invoked the action of the trustees as the appellant did here. We said in the Sinnott case [201 Iowa 292, 297, 207 N. W. 131]:

"It may be that the parties could waive the making of such a request by agreeing to submit the matter to the fence viewers, or that they should be held to have done so by appearing and participating in the hearing, consenting to their jurisdiction * * * ."

Here all parties were present pressing their respective claims—appellant that the fence had previously been divided; Kippings denying that contention and asking that the fence viewers settle that question then and there, and fix the portion of the fence the owners should maintain. We know of no rule of law, or reason why under the circumstances, the plaintiff should now be permitted to question the authority of the fence viewers because their decision was disappointing. We hold that the trustees had jurisdiction to enter the order they did. The trial court's approval of it was justified by the record, and its ruling should be, and it is, affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.