60  365
63  531

THE STATE, WILLIAM D. COWEN, PROSECUTOR, v. THE BOROUGH OF WILDWOOD.

THE STATE, CHARLES H. SIMMERMAN, PROSECUTOR, v. THE BOROUGH OF WILDWOOD.

1. Section 92 of the Borough act of 1897 is not applicable to a case in which the contract was awarded before the ordinance providing for it went into effect.

2. A municipal contract will not be set aside on *certiorari*, unless the contracting parties are brought into court.

3. Section 14 of the Borough act of 1878 (*Gen. Stat.*, p. 182) requires that an ordinance passed by the borough council should be the same in substance as that submitted in writing at a previous regular meeting.

On *certiorari*.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutors, *Morgan Hand.*

For the defendant, *David J. Pancoast.*

The opinion of the court was delivered by

DIXON, J. The motion to dismiss these writs of *certiorari* because they were allowed after the contract for the improvement was awarded, in supposed violation of section 92 of the Borough act of 1897, should not prevail for the reason that the contract was awarded before the ordinance which provided for the making of such a contract went into effect. To apply that section according to its terms to the case in hand would result in a mere denial of the constitutional remedy.

The prosecutors are not entitled to attack the contract which the writ directs the defendant to send up, because the contractors, McGovern & Hannegan, have not been brought into court, and as to the contract the prosecution should be dismissed.

The ordinance brought up was illegally adopted, having been altered in substance at the very meeting at which it was passed, in contravention of section 14 of the Borough act of 1878 (*Gen. Stat.*, p. 182), which requires that ordinances should be submitted in writing at a regular meeting of the council and acted upon at a subsequent meeting. The ordinance must therefore be set aside. *Ackerman* v. *Town of Bergen*, 4 *Vroom* 39; *Gregory* v. *Jersey City*, 5 *Id.* 429; *People's Gaslight Co.* v. *Jersey City*, 17 *Id.* 297.

The prosecutors having failed as to the contract, no costs will be allowed.