SOUTH JERSEY TELEGRAPH COMPANY v. CITY OF WOOD-
BURY.

Submitted December 11, 1905—Decided February 26, 1906.

1. By force of the nineteenth section of the charter of the city of
   Woodbury (*Pamph. L.* 1870, *p.* 602) an ordinance, when put
   on its final passage, should be the same in substance as that
   introduced at a previous meeting of city council.
2. A proviso that city council may, by a two-thirds vote, put an
   ordinance upon its final passage at the same meeting at which it
   was introduced (or materially amended), is not complied with by
   the mere passage of such ordinance by a two-thirds vote.

On *certiorari* to review ordinance.

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *Lewis Starr.*

For the defendant, *J. Boyd Avis.*

The opinion of the court was delivered by

GARRISON, J.   This writ brings up an ordinance directly
affecting the prosecutor, passed by the city council of the
city of Woodbury on April 18th and approved by its mayor
on April 25th, 1905.

One of the reasons filed for the reversal of this ordinance
is that it was not passed in accordance with the terms of the
charter of the said city.   The charter of the city of Woodbury
(*Pamph. L.* 1870, *p.* 602) provides in section 19 that "no
ordinance or by-law shall be enacted or passed by the said
council unless the same shall have been introduced before the
said council at a previous meeting and shall have been agreed
to by a majority of said council; but said council may, by a
two-thirds vote, put any such ordinance or by-law on its final
passage on the same day on which the same shall be intro-
duced."

The ordinance now before us was introduced on March 21st, and was on April 4th referred to a committee with instructions to confer with the telephone company. On April 18th this committee reported to council that the ordinance was not acceptable to the telephone company, whereupon it was amended in several particulars, by which it was transformed from a proposition that by its terms provided for its acceptance by the telephone company into a regulation of that company's affairs, failure to accept which made it the duty of the mayor, "on the complaint of any person," to take the necessary action to remove all of the property of the company from the streets of the city, and in this radically changed condition was forthwith put on its final passage and carried. No motion to put the ordinance on its final passage, as provided by the charter, was made or voted upon. Hence the circumstance that the ordinance itself received the votes of two-thirds of the city council is without legal significance. The ordinance in its present form, having been adopted at the same meeting at which it was materially amended, is void. *Cowen* v. *Wildwood,* 31 *Vroom* 365.

This result renders it unnecessary to decide the other questions that were argued, although it may not be amiss to remark that a provision in a municipal ordinance that makes it the duty of a mere executive officer to destroy property without notice to its owner and without a semblance of judicial process other than "the complaint of *any* person" is so extraordinary and drastic a proceeding as to suggest at once doubts as to its legality and to illustrate the propriety of the charter provision that a cooling time shall intervene between the introduction and the final passage of such municipal measures as amount to the dignity of ordinances.

For failure to observe this provision of the charter, the ordinance before us is set aside, with costs.