WILLIAM T. S. CRITCHFIELD, PROSECUTOR, v. THE
MAYOR AND ALDERMEN OF JERSEY CITY, A MUNICI-
PAL CORPORATION, AND LETTIERI & BELLEZZA
COMPANY, A CORPORATION, DEFENDANTS.

Submitted October term, 1925—Decided March 5, 1926.

**Municipalities—Construction Contracts—Prosecutor Questions
Awards on Several Grounds, None of Which Seems Sus-
tained, but, if True, All He Lost was an Illegal Award, Since
His Own Position was Subject to Similar Attack—Prose-
cutor Not a Resident or Taxpayer in Municipality and With-
out Standing to Defeat the Successful Bidder Unless Him-
self Entitled to Award.**

On *certiorari*, &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Collins & Corbin*.

For the respondents, *Thomas J. Brogan* and *Charles Her-
shenstein*.

PER CURIAM.

The prosecutor is an unsuccessful bidder for a contract for
the improvement of Columbia avenue, in Jersey City. He
was not the lowest by $12,000, The award was made by
the board of commissioners to Lettiere & Bellezza, who were
the lowest and successful bidders. This award is attacked
upon several grounds—

1. That bids were received at an hour different from that
specified in the notice. It seems the hour set for the meeting
was three P. M., and it may be that it was ten minutes after
that the meeting was called and the bids tendered.

2. That the successful bidders failed (a) to file samples
with its bid. It did supply a sample with the bid, and a
day or two later supplemented the remaining samples. It
appeared that this was a usual procedure; (b) it failed to

file with its bid certificates showing the kind and character of material to be used; (c) it had no paving plant and no satisfactory reasons were given for preparation of cement elsewhere, and the same was not permitted in writing by the engineer. This is an obligation to be fulfilled in the performance of the contract, and is not pertinent on this proceeding.

3. The ordinance authorizing the issuance of bids for the improvement did not fix the rate of interest. It fixes it at not exceeding six per cent., which is the statutory limit.

4. The contract was awarded prior to the passage of the financing ordinance. The resolution awarding the contract provided that it should take effect eleven days after publication of the ordinance.

None of these do we consider meritoriously substantial, as appears by the supplemental notes, but, even if the facts were otherwise, the prosecutor is in no position to contest the award. He is not a resident of Jersey City, and was not at the time of the award of the contract. He was, in fact, and still is, a resident of Summit, New Jersey. He is not a taxpayer. Unless, therefore, his bid as presented would have entitled him to the award of the contract if the bid of Lettieri & Bellezza had been illegal, he is without standing to make this contest.

One of the grounds upon which he attacks the successful bid is that samples as required by specifications were not supplied. Conceding this to be true, and that such samples were an essential element in compliance with the specifications, it clearly appears from the evidence that the prosecutor himself was in like default. He presented no samples with his bid, but wrote a letter to the board of commissioners referring to samples that had been "previously filed with your department." To whom these samples were sent, to what department delivered, for what purpose and when, except during 1924, where they were to be found, if they existed at all, was not disclosed in the letter. This, obviously, was not a compliance with this requirement of the specifications. If the successful bidders are to be debarred

upon the ground, the prosecutor is in like condemnation, and his standing to contest the award fails. It is probably not usual to retain samples of such materials indefinitely after they have answered their purpose, and no one seems to have known what or where the supposed samples could be found. That samples are an essential part of a bid on specifications requiring them is decided by the Court of Errors and Appeals in *Case* v. *Trenton, 76 N. J. L.* 696. In the case before us the defendants did furnish canned samples of the materials to be used. The city, at least, had some guide as to the materials to be used in the performance of the contract. The prosecutor offered nothing but his unidentifying letter. In *Avon* v. *Neptune City, 57 Id.* 701, the same court said: "The right to prosecute is not primarily involved unless the return to the writ, or the proceedings taken under it, affirmatively show lack of legal interest in the controversy." In *West Jersey Traction Co.* v. *Camden, 58 Id.* 362, the status of a prosecutor of *certiorari* was again discussed, and it was held that where the prosecutor failed to show its own interest in the controversy, it had no standing in court to question the right of its adversary. This rule, as applied to the case of which the present is a class, is to be found in the case of *Atlantic City Gas and Water Co.* v. *Atlantic City, 73 Id.* 360, where it was held that the action of a municipal council, clearly in the interest of the taxpayers, will not be set aside upon a doubtful point of procedure at the suit of a prosecutor who has suffered no special injuries of which he can be heard to complain, Mr. Justice Garrison, speaking for this court, saying: "The standing of the prosecutor as an unsuccessful bidder rests upon his right to have his bid accepted. *Certiorari* is a remedial writ. If the present contention of the prosecutor is true, then all that it has lost is an illegal award. For this the present proceeding affords him no remedy." Words more fitting to apply to the present situation could not be found. Upon wholly technical grounds, most of them unworthy of consideration, the prosecutor, as an unsuccessful bidder, seeks to deprive the municipality of an obviously advantageous contract. He, him-

self, on his own showing, could not obtain the award, and is not a party in interest. In this situation he will not be heard to prevent the making of the contract and a completion of the city's work.

The writ will be dismissed and the award confirmed.