JERSEY CENTRAL POWER AND LIGHT COMPANY, PROSECUTOR, v. BOROUGH OF SPRING LAKE AND EASTERN NEW JERSEY POWER COMPANY, RESPONDENTS.

Argued October 6, 1927—Decided February 25, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Walter L. McDermott.*

For the respondent Eastern New Jersey Power Company, *Osborne, Cornish & Scheck.*

For the respondent borough of Spring Lake, *Durand, Ivins & Carton.*

PER CURIAM.

This case is before this court on a rule to show cause why a writ of *certiorari* should not be allowed to review three resolutions adopted by the mayor and council of the borough of Spring Lake awarding three contracts for the lighting of streets, parks and boardwalk to the Eastern New Jersey Power Company. The rule to show cause embodies a stay. The prosecutor of the rule is the Jersey Central Power and Light Company. The borough of Spring Lake has been served for many years by two electric light companies. Under the provisions of chapter 130 of the laws of 1926 (*Pamph. L.* 1926, *p.* 239), the board of public utility commissioners, upon application of the Jersey Central Power and Light Company, one of the companies engaged in business in Spring Lake, divided the territory in the borough of Spring Lake so that the Eastern New Jersey Power was assigned the territory north of the northerly line of Passaic avenue, and the Jersey Central Power and Light Company was assigned the territory south of said Passaic avenue line. This segregation applied only to private consumers.. The opinion of the board of public utility commissioners specifically stated that the board had no jurisdiction with reference to the official action that Spring Lake might desire to take, so the decision of said board as to the territory to be served by each company has no bearing upon this application.

The lighting contracts of the borough of Spring Lake expired. The borough advertised for proposals under three schedules, entitled A, B and C. The prosecutor and respondent each submitted bids. The term was for five years from January 1st, 1927. The respondent Eastern New Jersey Power Company (hereinafter called the respondent), was the lowest bidder. Under plan A its bid was $5,850, while that of the prosecutor was $6,997. Under plan B its bid was for $2,850, while that of the prosecutor was $3,039.50. Under plan C, for the lighting of the boardwalk and parks, the bid of the respondent was $922.50 and that of the prosecutor $944. The contracts were awarded to the respondent. The prosecutor seeks a writ of *certiorari* to attack these awards.

The first ground of attack is that the bids of the respondent under plans A and B were improper because no definite contract could be based on them. The bids of the respondent were for a lump sum. The bids of the prosecutor were for a sum per light. The specifications provided that in addition to the lights to be furnished the successful bidder should furnish additional lights if ordered to do so by the borough. The contention of the prosecutor is that this provision vitiates the contracts because if additional lights were, during the pendency of the contracts, ordered it would require an agreement between the parties with reference to the price to be paid for the additional lights. This does not necessarily follow as the number of lights desired for the borough was definitely stated and all were of the same candle power, so the cost per light is a matter of easy determination. A further answer to the prosecutor's contention is that no additional lights might be required during the term of the contracts. If they should be the respondent would be obliged to furnish them, and if an agreement as to the price would have to be made and the respondent refused to make it the borough would have other remedies against the respondent to enforce the provisions of the agreement. The form of contract proposed is the customary form for street lighting. We cannot see how the form of the bid if embodied in a contract would make the contract illegal. It would certainly be more unfair if a definite price was sought to be agreed upon in the contract for any additional lights that might be in the future ordered by the municipality as the location of these lights and the length of time they would have to be furnished would be factors in ascertaining what was a fair price for the borough to pay for such additional service.

The prosecutor also argues in this connection that the bids submitted did not meet the proposals under plans A and B. The argument advanced with reference to this point is the same as the one advanced in support of the first point.

The next point argued is that the bids of the respondent were not the lowest. This is not so. The figures as given above show the respondent's bid to have been the lowest.

The next ground of attack is that the award for lighting the boardwalk and parks is illegal. The argument upon this point rests upon the provision for additional lights which has already been considered.

The next point is that all three awards were illegal as contravening the order of the board of public utility commissioners. The order referred to is the one previously mentioned, namely, the division of the borough of Spring Lake into lighting districts. This point is not well taken because the board in its opinion said, as we have stated, that the board had no jurisdiction with reference to such official action as the borough of Spring Lake might desire to take in a matter of this kind.

The respondents question the standing of the prosecutor to apply for a writ because the prosecutor is not the lowest bidder and the record does not show the prosecutor to be a taxpayer. We think this point well taken. In *Critchfield* v. *Mayor of Jersey City*, 4 *N. J. Mis. R.* 299, this court said:

"Upon wholly technical grounds, most of them unworthy of consideration, the prosecutor, as an unsuccessful bidder, seeks to deprive the municipality of an obviously advantageous contract. He himself on his own showing could not obtain the award and is not a party in interest. In this situation he will not be heard to prevent the making of the contract and a completion of the city's work." The cases of *West Jersey Traction Co.* v. *Camden*, 58 *N. J. L.* 362, and *Atlantic Gas and Water Co.* v. *Atlantic City*, 73 *Id.* 360, are to the same effect.

The writ of *certiorari* is a discretionary writ. Proceedings to review municipal actions are not personal actions on which a prosecutor may on sharp grounds insist upon a personal right.

We find no illegality in the proceedings taken by the borough council of Spring Lake in the award of these contracts. The rule to show cause is discharged, with costs.