HOME COAL COMPANY, INCORPORATED, PROSECUTOR, v. BOARD OF EDUCATION OF THE CITY OF BAYONNE, RESPONDENT.

Argued October 3, 1934—Decided October 5, 1934.

Before Justices LLOYD, CASE and DONGES.

For the prosecutor, *Maurice C. Brigadier* and *J. Raymond Tiffany.*

For the respondent, *Daniel J. Murray* and *Richard L. Doherty.*

PER CURIAM.

This case is before us on a rule to show cause why a writ of *certiorari* should not be allowed to review action of the respondent in awarding a yearly contract for coal. The contract itself has not yet been made. The prosecutor was one of ten unsuccessful bidders for the contract, each of the ten bids being for the precise sums contained in prosecutor's bid, which were approximately $9,000 higher than that of the successful bidder. It does not appear that prosecutor is a taxpayer in the city. It appears only as an unsuccessful bidder. Such status is not sufficient to enable it to prosecute a writ of *certiorari*. It must show that it was deprived of something, which, except for the alleged illegal act of the public body, it would have received.

As was said in *Atlantic City Gas and Water Co.* v. *Atlantic City et al.,* 72 *N. J. Eq.* 346; 65 *All. Rep.* 1119: "The standing of the prosecutor as an unsuccessful bidder rests upon his right to have his bid accepted." In the situation disclosed by the proofs in this case, it does not appear that prosecutor is entitled, if all of the claims of illegality in the bid and award of the contract are sustained, to receive the contract over the other seven bidders. *Crilchfield* v. *Jersey City et al.,* 4 *N. J. Mis. R.* 299; 132 *Atl. Rep.* 321; *Jersey Central Power, &c., Co.* v. *Spring Lake et al.,* 6 *N. J. Mis. R.* 253; 140 *Atl. Rep.* 677.

Again, the successful bidder is not a party to these proceedings. In this situation, it appears to us that a determination of the questions prosecutor seeks to raise as to the validity of the bid and award and the responsibility of the successful bidder, is impossible. *Livermore* v. *Millville,* 72 *N. J. L.* 221; 62 *Atl. Rep.* 408.

The rule to show cause is discharged.